Samuel G. Chia
2450 Lake Street #2
San Francisco CA 94121

(415) 379 9137

U.S. District Court for the District of Columbia

Samuel G. Chia
    plaintiff

v.

Fidelity Investment aka
Fidelity Brokerage Services
    Defendants

Case No. 1:05CV01114 JR

Plaintiff's notice of motion to vacate and reverse the previous void dismissal/affirmances

To estopped defendants above named and thier attorneys if any, notice is hereby given that plaintiff Samuel G. Chia has submitted the enclosed documents to the U.S. District Court for the District of Columbia, 333 Constitution Ave N.W. Washington D.C. 20001 for a motion scheduled by court

before Judge James Robertson reversing the previous NASD (National Association of Securities Dealers Inc) Board's void dismissal of case No. 98-02028 and its void affirmances basis for U.S.C.A. Const. Amend. 5 Due Process Clause, 28 U.S.C. §1963 litigating in Washington area, 28 U.S.C. §60 (b)(4) void decisions to be nullified without time limit and reversal basis on FRCP §60 (b)(6) and the memorandum points and material facts set forth in his brief herein and also based on this notice. Plaintiff asks no oral argument and defendants are estopped herein for inconsistent NASD motion violating Cal limitations the court should disregard defendant's defense if filed.

Samuel G. Chia
Plaintiff in pro per

June 2005

1  Samuel G. Chia
   2450 Lake Street #2
2  San Francisco CA 94121-1164
3  (415) 379 9137

4

5           U.S. District Court for the District of Columbia

6
                                    Case No. 1:05CV01114 JR
7  Samuel G. Chia
8           Plaintiff            Plaintiff's motion to vacate
9     v.                         and reverse the void judgment
   Fidelity Investment aka       rendered by California federal
10 Fidelity Brokerage Services   courts affirming NASD unau-
11          Defendants           thorized dismissal pursuant
12                               to 28 U.S.C. §60 (b) (4) (6)
13                               §1963 and U.S.C.A. Const
14                               Amend 5 Due Process Clause

15           Statement of the case
16   This case arises out of the security arbitration between defen-
17 dant Fidelity Brokerage Services aka Fidelity Investment, and
18 plaintiff Samuel G. Chia in NASD (National Asscciation of Security
19 Dealers Inc) Board case No. 98 02028 in Dec. 16, 1998 while NASD
20 arbitrators in complete absence of arbitral juridiction dismissed
21 plaintiff's timely case under defendant's false and fraudulent in-
22 fluences abandoning NASD contractual six year time limitation mis-
23 citing a shorter three year state statute in support in San Fran-
24 cisco, California, unnecessary appeals were taken to the U.S. courts
25 in California pursuant to 9 U.S.C.A. §1 et seq, the U.S. District
26 Court for the Northern District of Calif. and the 9th Cir. all
27 affirmed said void dismissal by NASD with order rejecting more
28 documents to be filed in Feb. 21, 2001, the S Ct denied its review.

                                    1

Statement of the facts

Plaintiff Samuel G. Chia (Chia thereafter) had been a security investor opening his Ultra Service Account with Fidelity Brokerage Services aka Fidelity Investments based in Boston Mass. with branch in San Francisco Since 1987 for which plaintiff had to sign Fidelity's compulsary arbitration agreement(see Exh.1 on item 10 of last page of application    there was defendant statement "This account is governed by a predispute arbitration clause which is found in sec. 18 of the customer agreement"(Exh.1a) stating that controversies must be resolved in New York Stock Exchange or National Association of Securities Dealers Inc verified by Emily Allred (Exh 1b at bottom all attached pltf's declaration). So NASD code 10304[1] or NYSE Rule 603 six year similar time limit became a part of the contract binding the parties when Mass. and Cal. 3 year statute were not relevant.

    Because Chia found that defendant Fidelity had been engaged in racketeering influence & corrupt organization activities (RICO) defrauding him with pattern misconducts in Jul.2 and Aug.10, 1992 through its inter-state branches in Salt Lake and Dallas City to Boston head office.  He then filed his proven arbitration claiming defendant Fidelity in the midst of May 1998 (Exh. 2 attached to plaintiff's declaration) through NASD center in New York meeting the timeliness of six year contractually agreed time limit pursuant to NASD Code 10304. Defendant Fidelity represented by a law firm filing its inconsistent affirmative defense with a false bar of Mass 3 year statute of limitations, mispresenting that under the customer agreement, disputes relating to the customer account are governed by the law of the Masschusetts 3 years for frauds with expiration to be dismissed with unclear false proofs the first time

---

[1] **10304. Time Limitation Upon Submission**
No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This Rule shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

2

1  defendant intended to obtain its void³ judgment as an estopped⁴ party
2  to violate California statute of limitations(this document is not
3  exhibited unless denied by defendant avoiding repeated bulky
4  documents on file. However, plaintiff declares under penalty of
5  perjury that defendant did so in it answer). On Oct. 26, 1998,
6  there was a fee telephone conference arranged by the chief arbitrator
7  Beverly Narayan in which she entertained defendant Fidelity to move
8  to dismiss basis for state 3 year statute of limitations at defen-
9  dent representative request and plaintiff could move for a judgment
10 in connection with his claim to be heard together on Dec. 16, 1998
11 Defendant Fidelity then filed its motion⁵ to dismiss in this arbitration
12 board in complete absence of jurisdiction for which defendant knew
13 because defendant had read and cited Ohio Co v. Nemecek 98 F3d 324 to argue
14 (6th Cir. 1996) informing defendant that arbitration board plainly
15 had no jurisdiction to dismiss case even out of six year limit
16 that Ohio had to file its dismissal in a district court against
17 Nemecek (p. 5 of the motion) defendant of cause knew that the case
18 was governed by the NASD 6 year time limit code 10304 instead of
19 3 year state statute pursuant to defendant compulsary arbitration
20 agreement. Defendant, however, repeated its misrepresentations in
21

22 /3  It is the S Ct to remove all arbitrators' jurisdiction in A T
23     & T Technologies v. Communications Workers in 1986 475 US 643
       89 L Ed 2d 648 106 S Ct 1415, see more in pltf's argument.
24 /4  It is California law to estop defendant who before suit was
25     begun acted inconsistently with a claim of bar of a statute
26     of limitation may be held to have waived his right to plead
       that defense (see Lerner v. Los Angles City Bd. of Educ.(1963) 59
27     Cal. 2d 382 396, 29 Cal. Rptr. 657 380 P. 2d 97(Exh 4 more in argument).
28 /5  Exh. 5 attached to plaintiff's declaration.

3

1 page 3 foot note 2 that under the terms of the customer agreement,
2 disputes relating to claimant's accounts are governed by the law
3 of the Commonwealth of Massachusetts with no proof fraudulently
4 citing some of non-security and non-contractual cases for its fal-
5 se support in the motion to dismiss such as McGuinness v. Cotter,
6 412 Mass 617, 622 (1992): April Enterprises v. KTTV, 147 Cal App.
7 3d 805, 826 (1983) and McGee v. Weiberg, 97 Cal. App. 3d 798(1979)
8 to mislead, defendant further failed to provide any true document
9 on the transactions that they did not engage in RICO activities
10 with  full misrepresentations in p. 1 and 2 of its motion similar
11 to that of its answer concealing its compulsary arbitration agree-
12 ment with 6 year time limit to file for arbitration replacing the
13 state statutes also disregarded the S Ct's removing all arbitrators'
14 jurisdiction in the nation still with effect in 1998 and beyond.
15 Plaintiff adequately opposed that the case was actually controlled
16 by the six year contractual time limit independent from state statutes
17 defendant was to kill itself to file such a motion to have waived
18 its defense right requesting NASD arbitrators to act..... On Dec.16
19 1998, defendant atty Micheal J. Lawson took stand to testify on
20 behalf of witnesses with misrepresentations or hearsay without any
21 personal knowledge clashing Mass evidence rules and law by which
22 he incorrectly claimed that Code 10304 does not extend statute, he
23 further lied that pltf filed his claims exceeding 6 years after
24 the occurrence of the events for which pltf declares that Mr. Micheal J.
25 Lawson did so lie. Plaintiff however, proved his case with competent
26 true evidence on behalf of himself meeting the evidence rules and
27 laws requirements of Calif. and Mass. On Dec.16, 1998, NASD arbit-
28 rator panel under defendant's fraudulent influences abandoned thier

4

1  own six year time limit code 10304 governing the case by Fidelity
2  compulsary arbitration contract dismissing the case citing 3 year
3  irrelevant state statutes of limitations not controlling the case
4  in support issuing thier dismissal on Dec. 18, 1998 (Exh. 6 attached
5  to pltf's declaration) disregarding the S Ct's removal of thier
6  jurisdiction to dismiss case in A T & T Technologies in 1986 remaining
7  still effective in 1998 limiting thier function to arbitrate case
8  to merit only. The case was then appealed to the U.S. District
9  Court for the Northern District of Calif. in San Francisco pursuant
10 to 9 U.SC.A §1 et seq, said court affirmed the dismissal on about
11 Jul. 20, 1999 (Exh.7), there was no opinion that the S Ct does not
12 remove all arbitrators' jurisdiction and transfers it to the district
13 court instead in its 6 page order citing Robuck v. Dean Witter & Co
14 Inc.( a non-arbitration with no contractual agreement case) 649
15 F2d 641 644 (9th Cir. 1980) and also Miller v. Prudential Bache Securities
16 Inc( Miller had a void contract for not endorsing NASD as arbit-
    rator but arbitrated in NASD at 129) 844 F2d 128 (4th Cir. 1989)
17 in support its judgment rejecting all pending motions in p.6 when
18 the 9th Cir. Ct affirmed it partially similarly to cite also
19 Robuck denying tolling statute on Feb 21, 2001 not allowing to
20 cite it in its foot note 1 (Exh. 8). A petition to the S Ct for its writ
21 of certiorari was denied in about 8 months later.
22
                              Argument
23
   Even the S Ct denied its review by desclection, it did not mean
24 the lower courts and board were proper (see Bros Incorporated v.
25 W.E.Grace Manufacturring Co.351 F2d 208 (5th Cir. 1965) in which
26 even the S Ct denied to review twice on p.209, it did not affact
27 the 5th Cir. to properly reverse the 6th and 8th Cir. res judicata
28 and errors on the merit because of Fed. Rules of Civ.Pro.R. §60 (b)
   NASD arbitrators was indeed plainly jurisdictionless in 1998

as removed by the S Ct in A T & T Technologies v. Communications Workers of America in 1986 and transfers such jurisdiction to the district court 475 US 643 89 L Ed 2d 648 106 S Ct 1415 as complied and verified by a majority of the U.S. Cir. Courts: The 7th Cir. rules on Edward D. Jones & Co. v. Sorrells 957 F2d 509: whether NASD rule requriring that claims for arbitration be filed no more than six years after underlying events bars a claim from submission to arbitrators is for court to decide, rather than for arbitrators, and it is irrelevant whether arbitrators had previously ruled on the question; arbitrators could not determine thier own jurisdiction at top of 510. The S. Ct has made clear that defining the limit of arbitral jurisdiction is generally the function of courts, not arbitrators. Unless the parties clearly and unmistakably prove otherwise at 514 meaning the NASD 6 year time limit code is unclear and mistakable for arbitrators to decide.(p.2 foot note) The 6th Cir. rules in Dean Witter Reynolds Inc v. M.C. McCoy et al;955 F 2d 649: Whether claims were time barred under NASD Code of Arbitration Procedure was threshold issue of arbitrability to be decided by district court, rather than by NASD Board of Arbitration.(Exh.10) The Ohio Co. moved in the district court rather than in NYSE Board to bar Nemecek's out of date arbitration granted by the distict ct and affirmed by the 6th Cir. again as arbitrators had no jurisdiction to dismiss even out of limit(98 F 3d 234) (Exh.11) Again the 3rd Cir. decides the arbitral jurisdiction on PaineWebber v. H. William Hofmann rather than an arbitration board in 984 F2d 1372 1373(Exh 11) proving arbitrators' loss of thier arbitral jurisdiction all the times based on the dominant S.Ct decision supported by a majority U.S. Cir. Courts proving that the NASD's dismissal was unau-

thorized lacking arbitral jurisdiction as an invalid decision to be affirmed by a U.S. District Court in Calif. as well as a 9th Cir. panel that the judgment(s) concerned are invalid accordingly basis on the void NASD dismissal that this registering court may rely on 28 U.S.C.§60 (b)(4) to void them all relieving Chia from judgment as suggested by a majority of Cirs: even the 9th Cir. itself (see F.D.I.C. v. Aaronian, 93 F. 3d 638, 639 (1996): Morris ex rel. Re v. Peterson, 759 F. 2d 809,811 (10th Cir.1985): Indian Head Nat. Bank of Nashua v. Bronelle, 689 F 2d 245,249 (1st Cir. 1982): Convington Indus., Inc. v. Resintex A.G.,629 F.2d 730 733 (2nd Cir. 1980): Harper Macleod Solicitors v. Keaty & Keaty 260 F.3d 389 (5th Cir.2001).* A void decision or judgment may be vacated any time without time limitation even after an elapse of ten years with an isolation of a default judgment (see American Nat. Bank & Trust Co of Chicago v. Taussig,C.A. Ill. 1958,255 F2d 765 and Misco Leasing Inc. v. Vaugh, C.A. Kan. 1971, 450F.2d 257 respectively. The 2nd Cir. just directly granted summary judgment for the complainant basis for FRCP §60 (b) (6) in Mildred A. McLearn v. Cowen & Co.and Merrill Lynch Pierce Fenner & Smith Inc. 666 F2d 845.meeting the definition of legal nullities that the NASD Board and the related Courts had completely ignored the S Ct law in A T & T case in 1986 and the majority Cirs rulings on arbitral jurisdiction in the U.S.A.

(2) The doctrine of equitable estoppel is applied on the part of defendant it is found that all the above rulings by that majority cir courts six years are the valid contractually agreed time limit for arbitration plaintiff also should have 6 not three (3) years, unless there was a defective contract like in Miller and a non-contractual case

---

*The 7th Cir disregards void judgment and rules on it(see Bd of trustees Sheet Metal Workers Inc. v. Elite Erectors Inc 212 F3d 1031 1034 (7th Cir 2000).

like Robuck aforesaid. In Edward D. JONES V. Sorrells 957 F2d 509 (7th Cir. 1992), the district court vacated in part (10 of 12) rendered the disputes ineligible for arbitration for exceeding six years and was affirmed by the 7th Cir. at 514. The time code is consistently interpreted by the 7th Cir. that the then Sec. 15 or now code 10304's first sentence states that certain claims (those older than six years) are not eligible for arbitration. Its second sentence limits the 1st sentence's effect by exampting from its reach any case which is directed to arbitration by a court with jurisdiction over the claim orders the matter be submitted to arbitration at 513(lower right) in agreeing to its then Sec. 18 removing the 6 year limit. Defendant wilfully shortened the 6 year limit to a 3 year statute by misusing one half of a sentence of 10304 concealing its compulsary arbitration agreement to mislead in this board for an unauthorized dismissal successfully. When the 6th Cir. dismissed twice in McCoy 955 F2d 649 and in Nemecek 98 F3d 234 because of running out of 6 year limit not 3 year statute, further, the 3rd Cir. just ordered the district court to look for claims not older than 6 years makes them arbitrable but thoses older than 6 years are not, 984 F2d 1372 1373 (not to bar claims older than 3 years).

However, Chia's six year contractually agreed time limit pursuant to Code 10304 was falsely and fraudulently destroyed by Fidelity in its wilful breach of its compulsary arbitration agreement with concealment and applied 3 year statute of deception to bar Chia's timely arbitration within 6 year limit that Fidelity may not therefore now properly interpose the defense as deserved for Calif.law for estoppel(see Tyra v. Board of Police and Fire Pension Commioners of City of Long Beach 32 C.2d 666; 197 P. 2d 710) and (Adams v. Calif

1  Mut.B.& L. Assn. 18 C. (2d) 487 Exh.13 & 14 also Exh.4), (3) Def't
2  is ineligible to claim electroactive claim for recent change of S
3  Ct law in arbitral jurisdiction if any, because defendant's RICO
4  activities both in security and law have been carried out for 13
5  years perpetrating all formums when Chia would have prevailed in
6  arbitration in 1998 if defendant had not breached its contract and
7  violated statute of limitations, Chia would have closed his case
8  precluding any electroactive claim in change of any recent law if
9  any, the Court should deny such out of time claim.  (4) 28 U.S.CA.
10 §1963 and FRCP §60 (b) (4) enable Chia to bring this case to this
11 court to be challenged(see Harper v. Keaty & Keaty 260 F.3d 389(5th Cir.
12 2001). (5)       Diversity action does not bar plaintiff as the
13 court is empowered by constitutional limits imposed by the due pro
14 cess Clause, enabling this court to exercise personal jurisdiction
15 over nonresident plaintiff U.S.C.A. Const. Amend. 5 (see Harper v.
16 Keaty 260 F3d 289 (5th Cir. 2001). Collateral estopel or res judicata
17 does not affect plaintiff's case as the previous dismissal and
18 affirming judgment(s) are void overcome by Rule 60 (b) (4). The
19
20 S Ct held in Ins. Corp of Ireland Ltd v. Compgnie des Banxites de
21 Guinee 456 U.S. 649 706, 102 S Ct 2099, 2106 72 L. Ed. 2d 492
22 (1982); party can challenge judgment on jurisdictional grounds
23 after judgment. It further rules: Traditional rules of preclusion
24 as adopted in federal case law— Whether under the doctrine of
25 collateral estoppel or res judicata- require that the party to be
26 estopped from re-litigating a claim have had a full and fair opportunity
27 to litigate the issue.(See Parklane Hosiery Co. v. Shore, 439 U S
28 322, 326 99 S. Ct 645 649, 58 L. Ed 2d 552(1979). Even the party
   who originally invoked the jurisdiction of the court may raise the

claim. and it may be raised after a trial on the merits (See American Fire and Casualty Co v. Finn, 341 U.S. 6, 17-18, 71 S. Ct. 534,541 542 95 L .Ed 702 (1951); Television Reception Corp. v. Dunbar,426 F2d 174 (6th Cir. 1970).The S Ct even instructs " It is well settled that the court may raise the issue of subject matter jurisdiction at any time" sue sponte"(See Clerk v. Paul Grey Inc, 306 U S 583 S. Ct 744 83 Ed 1001 (1939). Plaintiff's claims were and are meritorious: On Jul 2, 1992, pltf mistakenly sole 1000 shares of Myland Lab.(MYL) at $39 7/8 a share (Exh. 15 attached to pltf declaration) which he had sole some days ago, he then immediately told the same broker (SBM) to buy back 1,000 shares of Myland, SBM partially complained that such was a free riding with no cause and bought the stock back as promised but he defrauded in his writing the executed document to use sold replacing bought for negative effect "you sold 1000 MYL at 39 3/4 Myland Lab Inc. short sale corr price cancelled trade (Exh 16 attached to pltf declaration) as pltf expected there would be trouble to come up under such situation and asked Ms. Lily Chan to listen in the phone extenson for the repurchase fact (Exh. 17(a)) attached to pltf declaration) with her personal knoweldge that pltf did buy it back he sole the same date. However, Fidelity soon

/6 Exh.16 could not be a cancelled trade itself because there was settlement date 07/10/92 with net sum of $39,561.72 but to cancel Exh.15 as they were sent inside the same envelope to Chia. A sample of an unexecuted (Exh 16a) OR CANCELLED was filled in with 0 and remarking "This is not an execution". Both Ex.15 & 16 were possibly done by an unlicensed not knowing how to compute principal by substracting the fees from the stock price to be wrong samething happened in Exh 21, a falsified SJS Salt Lake City John Shied later on,

10

1 stole the repurchased 1,000 Myland and fraudulently made pltf owe
2 defendant 2,000 Myland as Myland splitted 2 for 1 in Aug. 3, 92
3 denying that pltf bought back 1000 Myland even Fidelity admitted
4 to IRS (Exh. 18 attached to pltf declaration) in its annual report
5 form 1099 that pltf recovered his 1000 shares of Myland he sole in
6 in Jul 2, 1992 with a short word "RECO" meaning recovered in its
7 end (mid page of Exh.18). There were still more evidence in the
8 broker SBM's on the job writing(s) and also the tape recorded con_
9 versation possessed by Fidelity refusing to produce them for 3 times
10 in Security Exchange Commission in S.F. Office for which pltf de-
11 clares that it was true. By an unavoidable inference that those are
12 similar to what Ms. Lily Chan heard and Fidelity reported to IRS
13 annually in 1992 sufficiently proving that the sale of 1000 Mylan
14 in Jul 2, 92 had been recovered the same date, pltf owed nothing
15 in that trade, Fidelity defrauded him 2000 Myland herein in 7/2/92
16 further the broker SBM took nothing by reason to alter the trade date
17 07/02/92 on Exh. 15 to record date 07/15/92 and payable DTE was
18 08/01/92 not appearing in the Jul monthly report, the unreasonable
19 delay was an obvious conspiracy to wait for Myland split 2 for 1
20 as Myland ennounced its split 2 for 1 when its price went up to
21 $40 a share in the Wall Street Jur'l that SBM knew as broker. More-
22 over, there was a nondisclosure by Fidelity in connection with SBM
23 bankcrupt status in court record in Feb. 1992 as informed by NASD
24 center in Maryland (Exh 19 attached to pltf declaration) where S
25 for Salt LAKE City, B for the broker's 1st initial Brook and M
26 for McElmurry last initial as told by Fidelity's customer service
27 staff Joe Valade in New Hampsire for which pltf declares that it
28 was true and correct that defendant atty did not dispute this name

11

previously. SBM had never asked pltf whether he agreed to let a bankcrupt broker to trade on behalf of him as his fiduciary, Fidelity too concealed all the times constituting a fraud and a conspiracy that this court may ennull this trade as well pursuant to FRCP §60 (b)(3) that Fidelity and its employee hereby violated the NASD Sec.2301-4(3) which provides:

> In addition, other fraudulent activities such as forgery nondisclosure or misstatement of material facts manipulation and various deception have found in violation of Rules.
>
> These same activities are also subject to the civil and criminal laws and sanction of federal and state government.

Brook McElmurry had his knowledge of falsifying such statements or scienter concealing the fraudulent activities for a month delaying his report for conspiracies is an essential fraud (Calif. Civ. Cod. §1572 subd 1,2, §1700 subds 1,2). Intentional failure to disclose a meterial fact is actionable fraud as there is a fiduciary relationship between stock broker and its client (Calif. CIV. Cod §1710 subd 3 Sec.2 Witkin Summary of Calif. law (7th ed). Punitive damages may be award for breach of an obligation not arising from contract where malice is shown (Calif. Civ. Cod §3294) 'Malice' means conduct which is intended by defendant to cause injury to pltf or despicable conduct which is carried on by the defendant with a wilful and conscious disregard of the right or safty of pltf. Broker SBM knew Myland was going to split at $40 a share becoming $20/share with 2 for 1 also became a hot stock for rising its price then he wilfully falsified the document to make it an invalid buy back deal so that plaintiff owed 2000 shares of Myland (due to split) to be very costly to repurchase as to ruin claimant further fraudulently cited a false bar of statute to prevent pltf's arbitration that defendant should be held to have

12

1 violated all the above civil and criminal laws liable for all damages (Black v. Shearson Hammill 266 C.A. 2d 362, 72 Cal Rptr 157)
3 plaintiff has been suffering, especially the grievances for that
4 long a period as to cause pltf to be mentally ill that he could
5 not sleep all the times with no concentration that he must be tranquillized
6 in the days with miltown 400 mg 3 times a day and also must take
7 sleeping pills dalmane 30 mg or the likes as prescribed by the doctors
8 (Exh. 20 attached to pltf declaration). As to the 2nd 2000 shares
9 of Myland short sale by fraud on the part of defendant, we thus
10 refer to the Aug 10, 1992 executed document (Exh. 21 attached to
11 pltf's declaration) where there was name SJS as REG REP, S for Salt
12 Lake City the representative worked for Fidelity, J for John 1st
13 initial and the last S for Shied as told also by Mr. Joe Valade
14 previously stated in defendant New Hampsire branch, so this broker
15 name was John Shied in Salt Lake City Utah. As plaintiff was informed
16 by Mr. Donald A. Osterman, a Sr. Examiner of the Dept. of Corporations
17 of Calif in Sep 21, 1998(Exh 22 attached to pltf declaration
18 that Mr. John D. Shied was not licensed as a securities broker-dealer
19 or reported as an agent of a securities broker-dealer at any time
20 during calender year 1992 in the State of Calif. Fidelity breached
21 its fiduciary again concealing plaintiff that it utilized unlicensed
22 broker in its office to do unauthorized dangerous work on behalf
23 of pltf without his consent, the document was simply a falsified
24 one to defraud pltf, yet defendant representative Sean M. Fischer
25 still lied that Fidelity never hired unlicensed broker to trade on
26 be-half its customer(s)(Exh.23 attached to pltf declaration) By
27 examining the Dept of Corpiration informations about Mr. John Shied
28 employment record (Exh 24 attached to pltf declaration)it clearly shows

13

1  that he was being hired by Edward D. Jones & Co. from 02/92-06/93
2  in St. Louis, Missouri, no way that Mr. Shied could trade the short
3  sale on behalf of pltf in Aug. 10, 1992 and pltf did not talk to
4  Mr. John Shied for such 2000 shares of Myland short sale that the
5  executed document had been falsified by Fidelity that there are a
6  lot of reasons for the court to nullify the 4,000 shares of Myland
7  stock that plaintiff did not actually owe in such complicated RICO
8  activities, further defendant did not have the required 4000 Myland
9  in its inventory to show to the San Francisco SEC for 3 times asked
10 by the pltf that meant Fidelity did not actually deliver the 4000
11 Myland to the market for settlement also meant the short sales were
12 false and fraudulent totally for monies from pltf's account solidly
13 proven by the admission of defendant's IRS annual report, personal
14 knowledge of Lily Chan, examiner of Dept. of Corp. of Calif and its
15 own empty inventory etc. impeaching fully defendant's misrepresent-
16 ations in its p. 1 and 2 of the motion to dismiss (Exh.5) against
17 this estopped defendant additionally that defendant falsely and
18 fraudulently had pltf bought back 4,000 shares of Myland:
19  900 shares at $24 3/8 a share in 09/03/92 cost $22,087.59 Exh 22
20  725  "   "        $29 1/2    " "   "   12/15/92  "  $21,535.72 Exh 23
21  2375 shares at $35 1/4 a share in 02/12/93 cost $83,965.34 Exh 24
            Adds total buy backs                  $127,588.65
22
23       Sub'd by 2 sales $39636.44 & $45,298.88 -$84,935.32
                 (Exh 15)     (Exh 16)
24       Amount Fidelity defrauded               $42,653.33
25
26   Basis upon all above, it clearly indicates that defendant Fidelity
27 Brokerage Services aka Fidelity Investments has been engaged in
28 RICO enterprise all the times both in the stock field and also the

14

1 legal field having denied and concealed its compulsary arbitration
2 contract for statute (time limit) fraud perpetrating all the legal
3 systems, pursuant to 28 U.S.C.§60 (b) plus the NASD Sec. 2301-4(3)
4 stated in p.12, plaintiff may be allowed to remove the confusion
5 as to proper procedure he must follow in order to claim defendant
6 as to avoid delay and complications later on as the S.F. NASD Arbitration
7 Office no longer exists after the events and therefore this court may
8 lawfully take over to arbitrate this unlitigated case with void
9 judgments affirming void dismissal intended by defendant Fidelity
10 which means no judgment and no dismissal at all pursuant to 28
11 U.S.C.A.§60 (b) (4) again and plaintiff prays that the Court orders
12 as in the conclusion below:

13 Conclusion

14  (1) Defendant should be estopped for reasons previously stated
15 and the NASD's dismissal in full absence of jurisdiction affirmed
16 by said courts be voided and reversed pursuant FRCP §60 (b).
17  (2) Defendant should be ordered to refund in the sum of $42,653.33
18 for having defrauded Chia with treble damages pursuant to civ.
19 RICO 18 U.S.C.§1964** in the sum of $127,959.99.
20 §3294.
21  (3) Defendant acted deliberately in full malice violating Calif
22 Civ Code §3294 all the times entitling Ptf a junitive of $150,000.00.
23  (4) Defendants should be ordered to pay plaintiff's mental dam-
24 agee in the sum of $150,000.00.
25  (5) The court should issue its injunction against defendant and
26 orders to pay its costs $1,600.00
27 ** Ptf a private party is entitled to
trebling damages 18 §1964(See National
Organization For Women Inc v. Scheidler
C.A.7 (Ill) 2001 267 F3d 687 Certiorari
granted in part 122 S. Ct 1604 535 U S
1016 152 L.Ed 2d 619 Cert granted in part
122 S Ct1605 535 US 1016 152 L Ed 2d 619
A.L.R.Fed 741 154 L Ed 2d 991 on remand 91
Fed Appx 510 2004 WL 375 995 Injunction 94
RICO 82 RICO 85.)

Respectfully submitted

*Samuel Chia*
Samuel G. Chia in pro se

June 2005

15

U.S. District Court for the District of Columbia

Samuel G. Chia
      Plaintiff

v.

Fidelity Investment aka
Fidelity Brokerage Services
      Defendants

Case No.1:05CV01114 JR

Plaintiff's declarations
in support of his
motion for summary judgment

I samuel G. Chia plaintiff of this case hereby declear under penalty of perjury that all the exhibits in this motion are true and correct from the lawful places:

Exh. 1,1a and 1b were from defendant maintaining its unchanged policy that opening an untra service account or equivalent, arbitration argreement is compulsary, except a cash account.

Exh.3 was recieved from NASD after filing arbitration.

Exh.4,13 and 14 were from California Reporters cited for argument

Foot note /1 on p. 2 was from NASD manuel.

Exh.1b was a tape transcript between Ms. Allred and Chia that defendant had a copied tape previously with no dispute on the transcript.

Exh.5 was from defendant informing its filing motion to dismiss in NASD arbitration basis on Mass three year statute of limitations for fraud case.

Exh.6 was recieved from NASD notifying pltf that his case was dismissed based on three year state statute.

Exh.7 was recieved from the U.S.Dist. Court in San Francisco Calif. about affirming NASD dismissal.

Exh.8 was recieved from the 9th Cir. about its affirming the dismissal.

Exh.9,10 and 11 were from Federal Reporters

Exh.13 and 14 were from California Reporters.

Exh.15 and 16 were recieved from Fility after transactions for 2 months

Exh.17 was Ms.Lily Chan's personal knowledge of the transaction of buying back 1000 Myland in 7/2/1998 and the later refusal to buy MYL eralier and etc.

1

Exh.18 was recieved from defendant an annual report form 1099 for 1992.

Exh.19 was recieved from NASD Maryland Center in answer to Chia related question about Brook McElmurry status.in discovery.

Exh.20 prescription lables from Kaiser doctors treating Chia's mental troubles caused by the defendant.

Exh.21 a falsified execution of 2000 Myland short sale from defendant.

Exh.22 was recieved from the Dept of Corporation of Calif. in answer to Chia's discovery related to the broker John Shied in Salt Lake City Utah.

Exh.23 was recieved defendant's attorney denying it had unlicensed broker.

Exh.24 was from the Dept of Corp. of Calif. in answer to Chia discorvery about Mr. John Shied's employment record.

Exh.25, 26 and 27 were recieved from defendant executions to buy back 4,000 shares of Myland as wanted by Fidelity's frauds.

Date: March 31, 2005

Samuel G. Chia in pro se.

2

United States District Court

For The District Of Columbia

Samuel G. Chia

       Plaintiff

  v.                                  Case No.1:05CV01114 JR

Fidelity Investment aka

Fidelity Brokerage Services

       Defendants

Affidavit of service

I Ngan Yeng Chan       hereby declare that on the 20th of June 2005, I mailed a copy of the Plaintiff's motion to vacate and reverse the NASD void dismissal and its void affirmances for judgment.

                                                Ngan Yeng Chan

                             Address 32213 Chechester Dr.

                                     Union City CA 94587

Table of authorities cited

Cases                                                                    Page No

A T & T Technologies v. Communications Workers of America
475 U S 643 89 L Ed 2d 648 106 S. Ct 1415 (1986)                         3,5,6

Lerner v. Los Angeles City Bd of Educ (1963) %( Cal 2d 382
396 29 Cal Rptr 657 380 P. 2d 97                                         3

McGuinness v. Cotter, 412 Mass. 617 622 (1992)                           4

April Enterprises v. KTTV 147 Cal App 3d 805 826 (1983)                  4

McMee v. Weiberg, 97 Cal App. 3d 798 (1979)                              4

Robuck v. Dean Witter & Co Inc. 649 F2d 641 644 (9th Cir
1980).                                                                   5

Miller v. Prudential Bache 884 F2d 128 (4th Cir 1989)                    5

Bros Incorporated v. W.E. Grace Co 351 F2d 208 95th Cir 1965             5

Edward D. Jones v. Sorrells 957 F 2d 509 510 514                         6,8

Dean Witter Reynolds v. McCoy 955 F2d 649                                6,8

The Ohio Co v. Nemecek 98 F3d 234                                        6

Paine Webber v. Hofmann 984 F2d 1372 1373                                6,8

F.D.I.C. v. Aaronian 93 F3d 638 639 (1996 9th Cir)                       7

Morris ex rel Re v. Peterson, 759 F2d 809 811 (10th Cir 1985)            7

Indian Head Nat. Bk of Nashua v. Bronelle, 689 F2d 245 249
(1st Cir 1982)                                                           7

Convington Indus Inc v. Resintex A.G. 629 F2d 730 733 (2nd Cir 1980) 7

Harber Macleod Solicitors v. Keaty & Keaty 260 F3d 389 (5th Cir
2001)                                                                    7,9

American Nat Bk & Trust Co. of Chicago v. Taussig, C.A.Ill 1958
255 F2d 765.                                                             7

Mildred A. McLearn V. Cowen & Co & Merrill Lynch Pierce Fenner &
Smith Co 666 F2d 845 (2nd Cir)                                           7

Tyra v. Board of Police & Fire Pension Commisner of City of Long
Beach 32 C. 2d 166 197 P. 2d 710                                         8

Adams v. Calif Mut.B & L. Assn. 18 C.(2d)487                             8

Inc. Corp of Ireland Ltd v. Compagnie des Banxites de Guinee 456
U.S. 649 706 102 S Ct 2099 2106 72 L. Ed 2d 492 (1982)                   9

Parkland Hosiery Co. v. Shore 439 U S 322 326 99 S. Ct 645 649
58 L Ed 552 (1979)                                                       9

American Fire & Casualty Co v. Finn 341 U S 6, 17-18 71 S. Ct
534 541 542 95 L. Ed 702 (1951)                                          10

Clerk v. Paul Greg Inc, 306 U S 583 S Ct 744 83 Ed 1001(1939)            10

Black v. Shearson Hammill 266 C.A. 2d 362 72 Cal Rptr 157                13

Statutes/Rules: 28 U.S.C.§60 (b)(1-4), 18 u.s.c. §1963, 9 U.S.C.§1 et seq.
NASD Code 10304(time limit), Code of Civ. Proc of Calif.338 (d).
Mass Gen Laws ch 260§2A. 28 U.S.C.A. Const Amend 5 Due Process phrase.