## AWARD
## NASD REGULATION, INC

In the matter of the Arbitration Between

<u>Name of Claimant(s)</u>

Samuel G. Chia

                         v.                                         Arbitration No.
                                                                               98-02028

<u>Name of Respondent(s)</u>

Fidelity Brokerage Services

## REPRESENTATION

For Claimant:      Samuel G. Chia
                           San Francisco, California

For Respondent:   Michael J. Lawson, Esq.
                           Sean M. Fischer, Esq.
                           Steefel, Levitt & Weiss
                           San Francisco, California

## CASE INFORMATION

Statement of Claim filed: June 2, 1998

Claimant's Submission Agreement signed:  May 21, 1998

Statement of Answer filed:  August 6, 1998

Respondent's Submission Agreement signed:  August 6, 1998

## HEARING INFORMATION

    Pre-hearing telephone conferences were held as follows:

Exh. 6

October 26, 1998     -     1 session (full panel)
November 20, 1998     -     1 session (Chair only)

A motions hearing was held in San Francisco, California, on December 14, 1998, and lasted one session.

## CASE SUMMARY

Claimant alleged fraud, misrepresentation and breach of fiduciary duty arising out of his short sale in July 1992 of 1000 shares of Mylan common stock and his subsequent efforts to repurchase the shares necessary to cover the short sale. Claimant also alleged that Respondent had employed unlicensed brokers in 1992.

Respondent denied the allegations of wrongdoing, and stated that Claimant followed a pattern of selling short on margin, and that Claimant's losses were the result of the shorted stock's price rise, as well as a 2-for-1 stock split, rather than any wrongful actions on its part. Respondent further stated that it had never employed unlicensed brokers. Respondent asserted that all Claimant's claims were barred by the applicable statutes of limitations.

## RELIEF REQUESTED

Claimant requested damages of $129,588.65, plus punitive damages of $259,173.30.

Respondent requested dismissal of all claims.

## AWARD

At the December 12, 1998, motions hearing, the panel heard oral argument on Claimant's Motion for Summary Award and on Respondent's Motion to Dismiss pursuant to the applicable statutes of limitations.

After considering the pleadings, the briefs and the oral arguments of the parties, the arbitrators made the following determinations:

1. Claimant's Motion for Summary Award is denied.

2. Respondent's Motion to Dismiss is granted.

## FORUM FEES

Pursuant to Section 10332 of the Code of Arbitration Procedure, the NASDR shall retain Claimant's $200.00 non-refundable filing fee as well as Respondent's $1,500.00 member surcharge.

Forum fees are assessed as follows:

Total fees

| | |
|---|---|
| 1 pre-hearing telephone conference @ $300/session | $ 300.00 |
| 1 pre-hearing telephone conference @ $750/session | $ 750.00 |
| 1 hearing session @ $750/session | $ 750.00 |
| | $ 1,800.00 |

| | | |
|---|---|---|
| Claimant's one-half share | | $ 900.00 |
| Credit for deposit | | ($ 750.00) |
| | Balance due: | $ 150.00 |

| | |
|---|---|
| Respondent's one-half share | $ 900.00 |

Fees are payable to the National Association of Securities Dealers Regulation, Inc.

Concurring Arbitrators Signatures:                                Public/Industry


Beverly E. Narayan
Presiding Chairperson                                              Public


_____                                    Public
Sterling N. Frost


_____                                    Industry
Juleanne A. Thiebaut

Exh. 6

## FORUM FEES

Pursuant to Section 10332 of the Code of Arbitration Procedure, the NASDR shall retain Claimant's $200.00 non-refundable filing fee as well as Respondent's $1,500.00 member surcharge.

Forum fees are assessed as follows:

Total fees

| | |
|---|---|
| 1 pre-hearing telephone conference @ $300/session | $ 300.00 |
| 1 pre-hearing telephone conference @ $750/session | $ 750.00 |
| 1 hearing session @ $750/session | $ 750.00 |
| | $ 1,800.00 |

| | | |
|---|---|---|
| Claimant's one-half share | | $ 900.00 |
| Credit for deposit | | ($ 750.00) |
| | Balance due: | $ 150.00 |

| | |
|---|---|
| Respondent's one-half share | $ 900.00 |

Fees are payable to the National Association of Securities Dealers Regulation, Inc.

Concurring Arbitrators Signatures:                                    Public/Industry


                                                                      Public

_____
Beverly E. Narayan
Presiding Chairperson

*Sterling N. Frost*  12/16/98                                          Public
_____
Sterling N. Frost


                                                                      Industry

_____
Juleanne A. Thiebaut

## FORUM FEES

Pursuant to Section 10332 of the Code of Arbitration Procedure, the NASDR shall retain Claimant's $200.00 non-refundable filing fee as well as Respondent's $1,500.00 member surcharge.

Forum fees are assessed as follows:

Total fees

| | |
|---|---|
| 1 pre-hearing telephone conference @ $300/session | $ 300.00 |
| 1 pre-hearing telephone conference @ $750/session | $ 750.00 |
| 1 hearing session @ $750/session | $ 750.00 |
| | $ 1,800.00 |

| | | |
|---|---|---|
| Claimant's one-half share | | $ 900.00 |
| Credit for deposit | | ($ 750.00) |
| | Balance due: | $ 150.00 |

| | |
|---|---|
| Respondent's one-half share | $ 900.00 |

Fees are payable to the National Association of Securities Dealers Regulation, Inc.

Concurring Arbitrators Signatures:                                     Public/Industry

_____                                                    Public
Beverly E. Narayan
Presiding Chairperson

_____                                                    Public
Sterling N. Frost

*[signature]* 12/16/98                                                     Industry
Juleanne A. Thiebaut

FILED
JUL 20 1999
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMUEL G. CHIA,

    Plaintiff,

    v.

FIDELITY BROKERAGE SERVICES, INC.,

    Defendant.

No. C-99-0027-VRW

ORDER.

ENTERED IN CIVIL DOCKET JUL 26 1999

Currently pending before the court is plaintiff Samuel G. Chia's motion to vacate, under 9 USC § 10, the National Associations of Securities Dealers' (NASD) arbitration award and his motion for default, as well as defendant Fidelity Brokerage Services, Inc.'s motion for an order confirming the judgment of the arbitration award. Chia argues that the NASD arbitration board practiced fraud and exceeded its powers by using state statute of limitations rather than the NASD six-year eligibility requirement.[1]

---

[1] Chia also claims that Fidelity defaulted by filing its answer one day late. While Fidelity was technically in default, default judgments are generally disfavored and cases should be decided on their merits. See Meadows v Dominican Republic, 817 F2d 517, 521 (9th Cir). The court, therefore, proceeds to consider the pending motions.

xh.7

1    For the following reasons, the court DENIES Chia's motion and
2 GRANTS Fidelity's motion.
3        On May 21, 1998, Chia voluntarily submitted his dispute
4 regarding a securities transaction on July 2, 1992, to arbitration
5 before the NASD. Chia claimed that Fidelity acted fraudulently and
6 breached its fiduciary duty in transacting his short sale of 1000
7 shares of Mylan Laboratory, Inc. stock. On December 18, 1998, the
8 arbitration board dismissed Chia's complaint because he did not
9 file it within the three-year statute of limitations imposed by
10 both Massachusetts and California law. The contract between Chia
11 and Fidelity stipulated that Massachusetts law was applied. See
12 Mass Gen Laws ch 260, § 2A; Cal CCP 338(d).
13        In reviewing arbitration board decisions, the court must
14 afford the arbitrators deference. See ARW Exploration Corp v
15 Aguirre, 45 F3d 1455, 1462 (10th Cir 1995). The court looks only
16 to determine whether the arbitration board "did the job they were
17 told to do--not whether they did it well, or correctly, or
18 reasonably, but simply whether they did it." Remmey v Paine
19 Webber, Inc, 32 F3d 143, 146 (4th Cir 1994)(quoting Richmond,
20 Fredericksburg & Potomac RR Co v Transportation Communications
21 Int'l Union, 973 F2d 276, 281 (4th Cir 1992)). Congress has
22 specifically stated what behavior by an arbitration board affords a
23 ground upon which to vacate the boards decision:

> (1) Where the award was procured by
> corruption, fraud, or undue means.
> (2) Where there was evident partiality or
> corruption in the arbitrators, or either of
> them.
> (3) Where the arbitrators were guilty of
> misconduct in refusing to postpone the
> hearing, upon sufficient cause shown, or in
> refusing to hear evidence pertinent and

2



```
           material to the controversy; or of any other
           misbehavior by which the rights of any party
           have been prejudiced.
               (4) Where the arbitrators exceeded their
           powers, or so imperfectly executed them that
           a mutual, final and definite award upon the
           subject matter submitted was not made.
               (5) Where an award is vacated and the time
           within which the agreement required the award
           to be made has not expired the court may, in
           its discretion, direct a rehearing by the
           arbitrators.
```

9 USC §10(a)

Chia claims that the arbitration board's reward should be vacated on the grounds that the award was procured by fraud and the arbitration board exceeded its powers by applying Massachusetts and California three year statutes of limitations, rather than the six-year eligibility requirement stipulated in NASD Code of Arbitration Procedure Rule 10304.

NASD Code of Arbitration Procedure (NASD Code) Rule 10304 provides

```
           No dispute, claim, or controversy shall be
           eligible for submission to arbitration under
           this Code where six (6) years have elapsed
           from the occurrence or event giving rise to
           the act or dispute, claim or controversy.
           This Rule shall not extend applicable statutes
           of limitations, nor shall it apply to any case
           which is directed to arbitration by a court of
           competent jurisdiction.
```

Courts have consistently classified Rule 10304 as an eligibility requirement prohibiting claims over six-years old, not a statute of limitations. See <u>Ohio Co v Nemecek</u>, 98 F3d 234 (6th Cir 1996), <u>Edward D Jones & Co v Sorrells</u>, 957 F2d 509 (7th Cir 1992), <u>PaineWebber, Inc v Farnam</u>, 870 F2d 1286 (7th Cir 1989). NASD Code 10304 does not supersede or extend local applicable statute of limitations. In <u>Robuck v Dean Witter & Co, Inc</u>, 649 F2d 641, 644 (9th Cir 1980), the Ninth Circuit held that, "an action for

3

1  violations of federal law, and for violations of any NYSE and NASD
2  rules proscribing fraud must be governed by [California's]
3  three-year fraud statute". The Fourth Circuit, in <u>Miller v</u>
4  <u>Prudential Bache Securities, Inc</u>, 884 F2d 128 (4th Cir 1989),
5  upheld an arbitration board's dismissal of an action because the
6  local Maryland statute of limitations had run, despite the
7  plaintiff's contention that NASD Code Rule 10304 was the
8  procedural rule that should have applied.
9          As in <u>Miller</u>, the state statute of limitations, not NASD
10 Code Rule 10304, governs Chia's arbitration dispute. 884 F2d 128.
11 NASD Code Rule 10304 does not supersede or extend those statute of
12 limitations and, therefore, contrary to plaintiff's contentions,
13 the arbitration board did not "wrongfully use states [sic] statute
14 of limitations to dismiss [Chia's] valid claim by concealing the
15 matter of contract which supersedes the statute of limitation."
16 See Plf Memo at 6.
17         Chia claims that even if California's three-year statute
18 of limitations was applicable, it did not run because he suffered
19 continuing fraudulent "influences" in the last four years and
20 because he raised a RICO complaint to the Securities and Exchange
21 Commission (SEC) in May 1994, which should have tolled the statute
22 of limitations.
23         California Code of Civil Procedure § 338(d) states that
24 an action seeking relief on the ground of fraud or mistake must be
25 commenced within three years of discovery by the aggrieved party
26 of the facts constituting the fraud. Under the California statute
27 of limitations for fraud, the three-year period does not begin to
28 run until the plaintiff has actual or constructive notice of the

4

facts constituting the fraud. Roberts v Dean Witter & Co, Inc, 649 F2d 641, 644 (9th Cir 1980). Constructive notice is knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry. Id. In Davis v Birr, Wilson & Co, Inc, 839 F2d 1369 (9th Cir 1988), the court held that the investor was put on notice of potential fraud when he received his monthly financial statement showing the transaction that was allegedly fraudulent.

Chia admits that he received a monthly statement, showing the Mylan stock transactions, from Fidelity on September 10, 1992, which put him on constructive notice and started the running of the statute of limitations. See Davis, 839 F2d 1369. Moreover, Chia clearly knew about Fidelity's alleged fraudulent activities on May 2, 1994, the day he sent a letter to the Securities and Exchange Commission complaining of Fidelity's alleged fraud. Chia, however, did not file an action with the NASD until May 21, 1998, which is five and half years after he first had constructive notice and four years after it is known that he had actual notice, both of which are long past the three-year statute of limitations.

Chia claims that the statute of limitations did not begin to run until 1998 because Fidelity's letters in response to his complaint to the SEC constitute "continuing fraudulent influences" which caused him "to feel that he had no case against Fidelity delaying his early filing claim." See Plf Memo at 5. Chia, however, stated his case for alleged fraud in his letters to the SEC which prompted Fidelity's responses. Fidelity's letters restate the chronology of Chia's 1992 transactions; they do not

5

perpetuate the fraud that Chia alleges, nor do they constitute new frauds and are not an attempt at a cover-up.

Finally, Chia's complaint to the SEC does not toll the statute of limitations. When an injured person has several legal remedies and chooses to pursue one outside the courtroom, the statute of limitations is tolled for that time. See <u>Elkins v Derby</u>, 115 CalRptr 641 (Cal 1974)(statute of limitations was tolled during time plaintiff pursued relief under Workman's Compensation).

Chia's complaint to the SEC was not a legal remedy. The SEC is a regulatory commission that can punish its members for violations of its rules, but it does not provide relief to injured investors. Cf 15 USC § 78. Chia did not request damages or any other relief from the SEC; he only requested an investigation and criminal charges. The statute of limitations on Chia's fraud claims were not tolled by his complaint to an agency that could afford him no legal relief.

For the foregoing reasons, the court DENIES Chia's motion for default and his motion to vacate the NASD arbitration boards reward (Doc # 4) and GRANTS Fidelity's motion for judgment confirming the reward (Doc #14). The clerk is directed to enter judgment in favor of Fidelity, close the file and terminate all pending motions.

IT IS SO ORDERED.

/s/ V. Walker

VAUGHN R. WALKER
United States District Judge

Exh. 7