**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 2 1 2001

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL G. CHIA, | No. 99-17138 |
| Plaintiff-Appellant, | D.C. No. CV-99-00027-VRW |
| v. | |
| FIDELITY BROKERAGE SERVICES, | MEMORANDUM[1] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Submitted February 12, 2001[2]

Before:    LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

Samuel G. Chia appeals pro se the district court's judgment declining to

vacate the National Association of Securities Dealers' arbitration decision that

dismissed as time-barred his claim alleging that Fidelity Brokerage Services

---

[1]    This disposition is not appropriate for publication and may not be cited to or by the courts
of this circuit except as may be provided by 9th Cir. R. 36-3.

[2]    The panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R. App. P. 34(a)(2).

Exh. 8

defrauded him and breached its fiduciary duty in relation to a bad investment. We

have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district

court's decision confirming an arbitration decision and denying vacatur. *See*

*Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d

1481, 1485 (9th Cir. 1991). We affirm.

Because Chia had actual or constructive knowledge of his claim in

September 1992, his claim is time-barred. *See Robuck v. Dean Witter & Co.*, 649

F.2d 641, 644-45 (9th Cir. 1980). Chia's contentions regarding tolling, that a six-

year statute of limitations applies, or that the arbitrators and district court exceeded

their power lack merit.

We deny Fidelity's request to strike portions of the record.

**AFFIRMED.**

2

Exh. 8

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

**FILED**

APR - 2 2001

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

---

SAMUEL G. CHIA,

       Plaintiff-Appellant,

  v.

FIDELITY BROKERAGE SERVICES,

       Defendant-Appellee.

No. 99-17138

DC# CV-99-00027-VRW
Northern California
(San Francisco)

ORDER

---

Before:    LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

    Appellant's petition for panel rehearing is denied.

    No further filings shall be accepted in this closed appeal.

S:\RESEARCH\Pfr.memos\99-17138.wpd

Exh 8

## DEAN WITTER REYNOLDS, INC. v. McCOY
Cite as 995 F.2d 649 (6th Cir. 1993)

649

2. A cause of action based upon DES exposure accrues only when the plaintiff has been informed by competent medical authority that she has been injured by DES, or upon the date on which, by the exercise of reasonable diligence, she should have known that she has been so injured.

The Supreme Court of Ohio further instructed that its finding that the statute of limitations for DES claims is unconstitutional requires reading Ohio Rev.Code § 2305.10 as if that portion of the statute were missing. Consequently, the Supreme Court of Ohio concluded that a DES plaintiff would have to bring her action "within two years after the cause thereof arose." *Id.*, at 64, 609 N.E.2d at 143. In this case, although the district court concluded that each plaintiff was aware prior to May 30, 1984, that she may have been injured due to DES exposure, "[t]here is more than a semantic difference between knowing that one has a DES-caused injury and knowing that one *may* have such an injury. A degree of certainty is missing." *Id.*, at 61, 609 N.E.2d at 142.

### III.

In view of the opinion of the Supreme Court of Ohio as to our certified questions, we REVERSE the district court's grant of summary judgment in favor of Eli Lilly & Company and REMAND this case for further proceedings consistent with its opinion and this opinion. However, we do not in any way imply or suggest what the eventual outcome of this case should be.



DEAN WITTER REYNOLDS,
INC., Plaintiff-Appellant,

v.

M.C. McCOY, et al., Defendants–
Appellees.

Nos. 92–5542, 92–5849.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 8, 1992.

Decided June 14, 1993.

Securities brokerage filed application for preliminary injunction to prevent arbitration of investors' claims against it before the National Association of Securities Dealers (NASD) Board of Arbitration. The United States District Court for the Eastern District of Tennessee, R. Alan Edgar, J., refused to grant injunction, and brokerage appealed. The Court of Appeals held that issue whether claims were time barred under NASD Code of Arbitration Procedure was threshold issue of arbitrability to be decided by district court, rather than by NASD Board of Arbitration.

Reversed and remanded.

### 1. Arbitration ⇐1.1

Where parties agree to submit any conflicts, breaches or other grievances arising under contract to arbitrator, they are bound by that agreement, and party may not unilaterally decide, at the last minute, that it would prefer to take the disputed matter to court.

### 2. Arbitration ⇐23.13, 23.14

Questions whether certain parties are contractually bound to arbitrate and what issues may be arbitrated are for courts to decide.

### 3. Exchanges ⇐11(11.1)

Under section of the National Association of Securities Dealers (NASD) Code of Arbitration Procedure providing that no dispute is "eligible" for arbitration where six years have elapsed from occurrence of event giving rise to dispute, district court had to

Exh. 10

The OHIO COMPANY and Andrew J. Wilhelm, Petitioners-Appellants,

v.

Douglas D. and Isabelle J. NEMECEK, Respondents-Appellees.

No. 95-2182.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 1, 1996.

Decided Oct. 16, 1996.

Securities brokerage firm and account executive filed petition for declaratory judgment enjoining and dismissing arbitration proceeding commenced by investors before New York Stock Exchange (NYSE). The United States District Court for the Eastern District of Michigan, Barbara K. Hackett, J., granted petition and appeal was taken. The Court of Appeals, Ralph B. Guy, Jr., Circuit Judge, held that six-year period for commencing arbitration proceeding, set forth in NYSE Rule 603, was not subject to equitable tolling.

Reversed and remanded.

1. Exchanges ⊜11(11.1)

Rule 603 of the New York Stock Exchange, and Section 15 of the National Association of Securities Dealers Arbitration Code, governing period during which arbitration claim may be brought, are identical in both text and application, allowing authority construing one section to be used interchangeably with authority construing another.

2. Exchanges ⊜11(11.1)

Six-year period for submission of arbitration claim under Rule 603 of New York Stock Exchange Rules, measured from date of occurrence of event giving rise to claim, is contractually agreed upon limitation on period of bringing claim, imposing temporal limitation not subject to equitable tolling.

1. The facts in this opinion are derived in substantial part from an earlier decision in this case.

Gary M. Saretsky ~~~~~ and briefed), Mark L. Kowalsky, Karen A. Gould, Hertz, Schram & Saretsky, Bloomfield Hills, MI, for Petitioners-Appellant.

Anthony V. Trogan, Jr. (argued and briefed), Joseph A. Starr, Weisman, Trogan, Young & Schloss PC, Bingham Farms, MI, for Respondents-Appellees.

Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Petitioners, The Ohio Company (TOC) and Andrew J. Wilhelm, filed a declaratory judgment action in federal court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., seeking an injunction and dismissal of respondents' arbitration claims before the New York Stock Exchange (N.Y.S.E.). The district court denied the petition. On appeal petitioners claim the district court erred (1) in holding that the six-year eligibility period for submitting arbitration claims provided in Rule 603 of the general arbitration rules of the New York Stock Exchange, Inc. (N.Y.S.E. Rules), see 2 N.Y.S.E. Guide (CCH) ¶¶ 2600-2637 at ¶ 2603 (Nov.1992), is subject to tolling and (2) in finding that respondents, Douglas D. and Isabelle J. Nemecek, sufficiently pleaded a claim of fraudulent concealment to toll the period in this instance. We hold that Rule 603 is not subject to tolling, and, therefore, we reverse.

I.[1]

The Nemeceks maintained an investment account with TOC, a securities brokerage firm, for many years. Andrew Wilhelm was the account executive who serviced their account. In connection with this account, the Nemeceks agreed to arbitrate any dispute they might have with TOC or Wilhelm.

From April 1986 through March 1988, the Nemeceks made certain limited partnership investments totalling $38,487.50. After incurring substantial losses on these invest-

See The Ohio Co. v. Nemecek, 886 F.Supp. 1342, 1343-44 (E.D.Mich.1995).

Exh. 11

PAINEWEBBER INCORPORATED,
Appellant,

v.

H. William HOFMANN, Appellee.

No. 92-1294.

United States Court of Appeals,
Third Circuit.

Argued June 22, 1992.

Decided Feb. 3, 1993.

Securities broker filed action seeking declaratory and injunctive relief barring arbitration of any claim of investor that arose more than six years before filing of arbitration pursuant to arbitration agreement. The United States District Court for the Eastern District of Pennsylvania, Marvin Katz, J., granted summary judgment for investor. Appeal was taken. The Court of Appeals, Becker, Circuit Judge, held that: (1) arbitration agreement reasonably could be interpreted only as a substantive limit on the claims that the parties had contracted to submit to arbitration and, thus, district court could determine the scope of the arbitration agreement; (2) broker could receive a declaratory judgment and injunction barring the arbitration of any individual claims submitted to arbitration that undisputably arose out of occurrences or events more than six years before the filing of arbitration; and (3) genuine issues of material fact existed, precluding summary judgment, on whether individual claims of investor were arbitrable.

Vacated and remanded.

1. Exchanges ⟨⟩ 11(11)

Claims of investor against securities broker could be treated individually to determine whether any claims exceeded scope of arbitration agreement for arising from events that occurred more than six years before filing of arbitration.

2. Exchanges ⟨⟩ 11(11)

Provision of code of arbitration procedure incorporated into arbitration agreement between investor and securities broker reasonably could be interpreted only as substantive limit on claims that parties had contracted to submit to arbitration and, thus, district court could determine scope of arbitration agreement, despite investor's claim that questions of arbitrability had to be determined by arbitrator; language of arbitration agreement was not sufficiently clear and unmistakable to be submission of issue of arbitrability to arbitrators.

3. Arbitration ⟨⟩ 23.14

Parties may contract to submit questions of arbitrability to arbitrators, but contractual language must be clear and unmistakable.

4. Exchanges ⟨⟩ 11(11)

Securities broker could receive declaratory judgment and injunction barring arbitration of any individual claims submitted to arbitration that undisputably arose out of occurrences or events more than six years before filing of arbitration, pursuant to limitation contained in arbitration agreement between broker and investor.

5. Federal Civil Procedure ⟨⟩ 2490

Genuine issues of material fact existed, precluding summary judgment, on whether individual claims of investor against securities broker were arbitrable or barred by provision of arbitration agreement preventing arbitration of any claim arising out of events that occurred more than six years before the filing for arbitration; investor would have opportunity on remand to list each specific claim it planned to bring so that district court could conduct hearing and consider any necessary extrinsic evidence.

6. Arbitration ⟨⟩ 1.1

Arbitration is matter of contract and no party should be forced to arbitrate issue that it did not agree to submit to arbitration.

7. Arbitration ⟨⟩ 23.16

District court is not to rule on potential merits of underlying claim submitted to arbitration, even if claim appears frivolous; merits of arbitrable claim is for arbitrators to decide.

8. Exchanges ⟨⟩ 11(11)

On remand, District Court generally should accept investor's statement on what constitutes genuine, independent cause of action against securities investor and not enjoin arbitration as long as asserted cause of action clearly is not mere tolling or discovery argument in attempt to toll contractual limit of six years in which to file for arbitration.

9. Exchanges ⟨⟩ 11(11)

On remand, District Court must determine whether investor and securities broker intended to submit disputes over operative occurrence or event and its timing to arbitration, by considering language of contract and all relevant extrinsic evidence including customs and practices of industry.

Elizabeth H. Fay (argued), Morgan, Lewis & Bockius, Philadelphia, PA, John M. Linsenmeyer, Morgan, Lewis & Bockius, New York City, for appellant.

J. Grant McCabe, (argued), Michael Slotznick, Rawle & Henderson, Philadelphia, PA, for appellee.

Before: BECKER, HUTCHINSON, and ALITO, Circuit Judges.

BECKER, Circuit Judge.

This action was instituted by Paine-Webber Incorporated to stay and enjoin the arbitration of a customer's claims of fraud and mismanagement before the National Association of Securities Dealers, Inc. ("NASD"). Based on the incorporation of § 15 of the NASD Code of Arbitration Procedure ("NASD Code") into the arbitration clause of the "Client's Agreement," Paine-Webber seeks declaratory and injunctive relief barring the arbitration of any claim that arose from an occurrence or event more than six years before the filing of arbitration. PaineWebber contends that because § 15 of the NASD Code is a substantive contractual limitation on what claims the parties have agreed to submit to arbitration, the question of arbitrability is strictly a matter for the court to decide.

Ex. 11