IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL G. CHIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01114 - JR |
| ) | |
| FIDELITY INVESTMENTS ) | |
| INSTITUTIONAL SERVICES CO, INC. ) | |
| a/k/a FIDELITY BROKERAGE ) | |
| SERVICES, INC. ) | |
| ) | |
| 82 Devonshire Street F6B ) | |
| Boston, MA  02109-3614 ) | |
| ) | |
| Defendant ) | |

## FIDELITY'S MOTION TO DISMISS WITH PREJUDICE
## PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant Fidelity Investments also known as Fidelity Brokerage Services, Inc. ("Fidelity") hereby moves to dismiss with prejudice Plaintiff Samuel G. Chia's ("Plaintiff" or "Chia") "First amended complaint for damages" ("Amended Complaint") for the reasons set forth in Fidelity's Memorandum of Points and Authorities in Support of Its Motion to Dismiss

with Prejudice Plaintiff's Amended Complaint, filed simultaneously herewith.[1]

Respectfully Submitted,

*/s/ Amy Conway*

Amy J. Conway (D.C. Bar No. 443995)
Patrick D. Conner (D.C. Bar No. 472298)
(seeking admission to this Court)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202.739.5953
202.739.3001 (fax)

Attorneys for Defendant
FIDELITY INVESTMENTS
INSTITUTIONAL SERVICES, INC.

---

[1] On July 22, 2005, Fidelity was served by U.S. Mail with a summons and only one page of Plaintiff's "First amended complaint for damages" that contained the above caption. The caption contained in the "First amended complaint for damages" that is on file with this Court does not match the caption on the only page of the "First amended complaint for damages" that Plaintiff served by mail on Fidelity. Fidelity was never served with Plaintiff's original Complaint.

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2005, a true and correct copy of the foregoing Fidelity's Motion for Dismiss was served by first class mail on:

Samuel G. Chia
2450 Lake Street #2
San Francisco, CA 94121

Plaintiff *pro se*

_____
Patrick D. Conner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL G. CHIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01114 - JR |
| ) | |
| FIDELITY INVESTMENTS ) | |
| INSTITUTIONAL SERVICES CO, INC. ) | |
| a/k/a FIDELITY BROKERAGE ) | |
| SERVICES, INC. ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FIDELITY'S MOTION TO DISMISS WITH PREJUDICE PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and for the reasons stated herein, Defendant Fidelity Investments also known as Fidelity Brokerage Services, Inc. ("Fidelity") hereby moves to dismiss with prejudice Plaintiff Samuel G. Chia's ("Plaintiff" or "Chia") "First amended complaint for damages" ("Amended Complaint").[1]

### I. INTRODUCTION

Plaintiff's Amended Complaint is his eleventh "appeal" of the National Association of Securities Dealers ("NASD") arbitration board's December 16, 1998 dismissal of the same cause of action filed in California. The NASD arbitration board's

---

[1] On July 22, 2005, Fidelity was served by U.S. Mail with a summons and only one page of Plaintiff's "First amended complaint for damages" that contained the above caption. The caption contained in the "First amended complaint for damages" that is on file with this Court does not match the caption on the only page of the "First amended complaint for damages" that Plaintiff served by mail on Fidelity. References to the "Amended Complaint" are based on the allegations contained in the "First amended complaint for damages" that Fidelity obtained from this Court. Fidelity was never served with Plaintiff's original Complaint. Based on the above, the Court could also dismiss this Amended Complaint pursuant Fed. R. Civ. Pro. 12(b)(4) and (5).

dismissal has been appealed to, reviewed de novo and upheld by the District Court for the Northern District of California and the United States Court of Appeals for the Ninth Circuit. In addition, Plaintiff's petition for panel rehearing before the Ninth Circuit and a petition for certiorari to the United States Supreme Court have also been denied. This repetitive and meritless claim has been fully litigated and decided by the federal courts. As such, Plaintiff's Amended Complaint should be summarily dismissed with prejudice.[2]

## II. PROCEDURAL HISTORY

The procedural history of this case spans well over a decade. To facilitate this Court's review of the matter,[3] Fidelity has attached the arbitration award, prior court rulings and the Civil Docket in *Chia v. Fidelity Brokerage*, No. 99-17138, from the Ninth Circuit, which affirmed the district court's decision upholding the arbitration board's award in favor of Fidelity ("the California Litigation").[4]

---

[2] Fidelity has also put Plaintiff on notice of its intention to seek sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure for his frivolous, vexatious, and harassing Amended Complaint. Plaintiff has filed numerous repetitive lawsuits in California over the last decade, and, on at least one occasion, he has been sanctioned pursuant to Rule 11 for frivolous filings. *See e.g., Chia v. Lujan*, No. 91-15987, 1992 WL 137193, at *1 (9th Cir. June 17, 1992) (holding that Chia's second complaint against Secretary of Interior was barred by res judicata); *Chia v. Motorola Communications, Inc.*, No. 92-16248, 1993 WL 98826, at *1 (9th Cir. April 2, 1993) (affirming dismissal of Chia's second complaint against Motorola on res judicata grounds); *Chia v. Motorola Communications, Inc.*, No. 94-17100, 1995 WL 499442, at *1 (9th Cir. Aug. 22, 1995) (affirming dismissal of Chia's third complaint and imposition of sanctions).

[3] The Court can consider records of prior litigation in deciding motions to dismiss under Rule 12(b) without converting the motion to a summary judgment. *Jane Does I Through III v. District of Columbia and MRDDA*, 238 F. Supp. 2d 212, 216 (D.D.C. 2002) (stating that "it is well established that courts 'are allowed to take judicial notice of matters in the general public record, including records and reports of administrative bodies and records of prior litigation' without triggering the conversion requirement"; reviewing public records of prior litigation to decide claim preclusion motion).

[4] A copy of the December 16, 1998 Award of the NASD arbitration board in favor of Fidelity, *In the matter of the Arbitration Between Samuel G. Chia v. Fidelity Brokerage Servs.*, Arb. No. 98-02028, Award (Dec. 16, 1998) (the "Dec. 16, 1998 NASD

Chia filed his original Statement of Claim against Fidelity with the NASD arbitration board on June 2, 1998 ("1998 Claim"). The 1998 Claim alleged "fraud, misrepresentation, and breach of fiduciary duty arising out of his short sale *in July 1992* of 1000 shares of Mylan common stock and his subsequent efforts to repurchase the shares necessary to cover the short sale." Ex. 1, Dec. 16, 1998 NASD Arbitration Award at 2. The 1998 Claim, which is based on the same facts alleged in the Amended Complaint, was dismissed by the NASD arbitration panel on December 16, 1998. *Id.* Following a hearing on motions filed by the parties, the NASD arbitration panel determined that Chia's action was barred by the statute of limitations. *Id.* at 2. On July 20, 1999, the District Court for the Northern District of California denied Chia's motion for a default judgment and to vacate the arbitration board's statute of limitations ruling which alleged the same allegations set forth in the Amended Complaint here, alleging that the "NASD arbitration board practiced fraud and exceeded its powers by using state statute of limitations rather than the NASD six-year eligibility requirement."[5] *Compare* Ex. 2, July 20, 1999 District Court Order (order and opinion denying Chia's motion to vacate arbitration award and granting Fidelity's motion to confirm the award) and Ex. 6,

---

Award"); the July 20, 1999 Order of the district court upholding the arbitration board's dismissal of Chia's claims, *Chia v. Fidelity Brokerage Servs.*, No. C-99-0027-VRW (N.D. Cal. July 20, 1998) (the "July 20, 1999 District Court Order"); the February 21, 2001 Memorandum Opinion of the Ninth Circuit affirming the district court, *Chia v. Fidelity Brokerage Servs.*, No. 99-17138, 3 Fed. Appx. 642 (9th Cir. Feb. 21, 2001) (the "Feb. 21, 2001 Memorandum Opinion of the Ninth Circuit"); the April 2, 2001 Order of the Ninth Circuit denying Chia's petition for panel rehearing, *Chia v. Fidelity Brokerage Servs.*, No. 99-17138 (9th Cir. Apr. 2, 2001) (the "Apr. 2, 2001 Order of the Ninth Circuit"); and the Ninth Circuit docket sheet in *Chia v. Fidelity Brokerage*, No. 99-17138 (9th Cir.) ("Ninth Circuit Docket Sheet"), are attached as Exhibits 1, 2, 3, 4, and 5 respectively.

[5]   Chia also sued the presiding chairperson of the arbitration board, Beverly Narayan and Fidelity's outside counsel, Steefel Levitt & Weiss. Those complaints have also been dismissed.

3

Plaintiff's March 17, 1999 Notice of Motion to Vacate, Memorandum of Points and Authorities, and Declaration and Exhibits in Support thereof *with* Amended Complaint.

Chia appealed the district court decision to the Ninth Circuit. In a memorandum opinion following de novo review, the Ninth Circuit held that Chia's claim was time-barred "[b]ecause Chia had actual or constructive knowledge of his claim in September 1992" and that "Chia's contentions regarding tolling, that a six-year statute of limitations applies, or that the arbitrators and district court exceeded their power *lack merit*." Ex 3, Feb.21, 2001 Memorandum Opinion of the Ninth Circuit at 2 (emphasis added). Thereafter, Chia petitioned for a panel rehearing. The Ninth Circuit denied Chia's request and unequivocally ordered that "[n]o further filings shall be accepted in this closed appeal." Ex. 4, Apr. 2, 2001 Order of the Ninth Circuit.

According to the Ninth Circuit docket sheet, despite the court of appeals' express order barring future filings, Plaintiff made no less than seven filings seeking a rehearing of the matter: (1) June 14, 2001 motion to recall mandate and reopen the case; (2) June 20, 2001 "emergency motion to recall the mandate; to reopen case;" (3) June 22, 2001 letter to court "re: redecide the case;" (4) August 13, 2001 "motion for judgment reformation basis for district court recommendation pursuant to FRCP 60(b)(3);" (5) December 11, 2001 letter to court regarding "mistake on 99-17138;" (6) November 17, 2004 "motion to recall the mandate and void decision;" (7) November 19, 2004 "appellant's supplemental exhibits." *See* Ex. 5, Ninth Circuit Docket Sheet at 4. The Ninth Circuit returned the first five of these filings to Chia and rejected the last two because of the court's April 2, 2001 instruction that no further filings would be accepted. *See id.* In addition, as noted above, Plaintiff's petition for certiorari to the United States

Supreme Court was denied on October 1, 2001. *See Chia v. Fidelity Brokerage Servs.*, 534 U.S. 913 (2001).

### III.   ARGUMENT

**Plaintiff's Amended Complaint Should be Dismissed under Rule 12(b)(6) Because it is Barred by the Doctrine of Res Judicata.**

The Court may dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a dismissal is appropriate where the movant establishes "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *In Re Swine Flu Immunization Prods. Liab. Litig.*, 880 F.2d 1439, 1442 (D.C. Cir. 1989) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1955)). The Court must draw all reasonable factual inferences in Plaintiff's favor, and must presume true the allegations in the complaint. *Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995). In this case, Plaintiff's claim must fail because the allegations in the Amended Complaint have been fully litigated in the federal courts in the California litigation and it is, therefore, barred by the doctrine of res judicata.

The doctrine of res judicata or claim preclusion allows courts to dispose of repetitive, harassing lawsuits such as the instant Amended Complaint filed by Plaintiff, thereby "conserving judicial resources, avoiding inconsistent results and engendering respect for final court judgments." *Hardison v. Alexander*, 655 F.2d 1281, 1289 (D.C. Cir. 1981). Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). There are four factors

5

that must exist for *res judicata* to apply, each of which exist here: "(1) identity of parties to both suits; (2) judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits." *American Fed'n of Gov't Employees v. Loy*, 332 F. Supp. 2d 218, 222 (D.D.C. 2004) (quoting *Polsby v. Thompson*, 201 F. Supp. 2d 45, 48 (D.D.C. 2002)). "Satisfaction of all four factors extinguishes all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* (internal quotations omitted) (citing *McLaughlin v. Bradlee*, 599 F. Supp. 839, 847 (D.D.C. 1984)).

All four factors are clearly satisfied here. By Plaintiff's own Amended Complaint, Plaintiff admits that his Amended Complaint here is the exact same cause of action previously filed against Fidelity before the NASD arbitration board and appealed to the federal courts in the Ninth Circuit, as well as the United States Supreme Court.[6] *See* Amended Complaint at 6 (arguing that Plaintiff is entitled to "relitigate this case"). Plaintiff further admits through his filings – and the record of the California litigation unequivocally demonstrates – that Plaintiff's claims were barred by the statute of limitations, and that the entire matter was finally adjudicated by courts of competent jurisdiction. In fact, in an unusual step, the Ninth Circuit ordered Chia not to file any additional motions. *See* Ex. 4, April 2, 2001 Order of the Ninth Circuit.

Plaintiff has clearly had and availed himself of numerous full and fair opportunities to litigate the claim that is now pending before this Court. Plaintiff's

---

[6] In his Notice of Motion to Vacate and Reverse the Previous Void Dismissal/Affirmances ("Motion to Vacate"), Plaintiff also admits that the issues raised by the claim in the California litigation are identical to the issues in his Amended Complaint. Fidelity addresses those arguments in its Opposition to Plaintiff's motion which is being filed separately.

6

assertion that 28 U.S.C. § 1963 and the Fifth Amendment provide a basis to relitigate the issues again is wrong. Neither Section 1963 (providing for the registration and enforcement of final judgments by a federal court in another district), nor the Fifth Amendment (providing for due process) authorize the relitigation of a case that has been finally adjudicated.

Plaintiff has provided no legal or factual basis for re-filing this lawsuit. The fact that Plaintiff does not like the decisions of the federal courts in the California litigation does not provide him with a new basis for filing the same lawsuit in the District of Columbia. Rather, the law precludes him from doing so. Therefore, Fidelity respectfully requests that the Court dismiss the Amended Complaint with prejudice. *See Riddle v. Nat'l R.R. Passenger Corp.*, 869 F. Supp. 40, 41-2 (D.D.C. 1994) (stating that "[u]nder District of Columbia precedent . . . dismissal for failure 'to statement a claim upon which relief can be granted . . . is a resolution on the merits and is usually prejudicial'"). In addition, Plaintiff respectfully requests that the Court bar Plaintiff from filing additional motions in this matter.[7]

---

[7] Fidelity intends to pursue a request for sanctions in accordance with Rule 11.

7

### III. CONCLUSION

For the foregoing reasons, Fidelity respectfully requests that its Motion to Dismiss With Prejudice Plaintiff's Amended Complaint be granted.

Respectfully Submitted,

_____
Amy J. Conway (D.C. Bar No. )
Patrick D. Conner (D.C. Bar No. 472298)
(seeking admission to this Court)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202.739.5953
202.739.3001 (fax)

Attorneys for Defendant
FIDELITY INVESTMENTS
INSTITUTIONAL SERVICES, INC.

8

## CERTIFICATE OF SERVICE

I hereby certify that on this \_\_th day of August, 2005, a true and correct copy of the foregoing Fidelity's Memorandum of Points and Authorities in Support of Its Motion to Dismiss With Prejudice Plaintiff's Amended Complaint was served by first class mail on:

Samuel G. Chia
2450 Lake Street #2
San Francisco, CA 94121

Plaintiff *pro se*

_____
Patrick D. Conner