IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL G. CHIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV01114 - JR |
| ) | |
| FIDELITY INVESTMENTS ) | |
| INSTITUTIONAL SERVICES CO, INC. ) | |
| a/k/a FIDELITY BROKERAGE ) | |
| SERVICES, INC.[1] ) | |
| ) | |
| Defendant ) | |

**FIDELITY'S OPPOSITION TO PLAINTIFF'S "MOTION TO VACATE AND REVERSE THE VOID JUDGMENT RENDERED BY THE CALIFORNIA FEDERAL COURTS AFFIRMING NASD UNAUTHORIZED DISMISSAL PURSUANT TO 28 U.S.C. § 60(b)(4) (6) § 1963 [sic] AND U.S.C.A. CONST AMEND 5 DUE PROCESS CLAUSE [sic]"**

**BACKGROUND**

Plaintiff Samuel G. Chia ("Chia") attempts to resurrect claims against Fidelity Investments Institutional Services Co., Inc. a/k/a Fidelity Brokerage Services, Inc. ("Fidelity") that already have been finally decided in favor of Fidelity by an arbitration board of the National Association of Securities Dealers ("NASD") and two federal courts.[2] Despite Chia's repeated

---

[1] On July 22, 2005, Fidelity was served by U.S. Mail with a summons and only one page of Chia's "First amended complaint for damages" that contained the above caption. The caption contained in the "First amended complaint for damages" that is on file with this Court does not match the caption on the only page of the "First amended complaint for damages" that Chia served by mail on Fidelity. References to the "Amended Complaint" are based on the allegations contained in the "First amended complaint for damages" that Fidelity obtained from this Court. Fidelity was never served with Chia's original Complaint.

[2] Fidelity is filing a motion to dismiss Chia's Amended Complaint on res judicata grounds, among other reasons. A copy of the December 16, 1998 Award of the NASD arbitration board in favor of Fidelity, *In the matter of the Arbitration Between Samuel G. Chia v. Fidelity Brokerage Servs.*, Arb. No. 98-02028, Award (Dec. 16, 1998) (the "Dec. 16, 1998 NASD

assertions to the contrary, the arbitration board and the courts had jurisdiction over his California suit and provided him a full and fair hearing on his claims that were fully decided in that litigation. Nothing in Rule 60(b) of the Federal Rules of Civil Procedure or equitable estoppel theory allows Chia to escape the res judicata effect of the prior litigation in California, and his frivolous motion should be denied.

## STATEMENT OF FACTS

Chia filed his Statement of Claim against Fidelity with the NASD arbitration board on June 2, 1998, alleging "fraud, misrepresentation, and breach of fiduciary duty arising out of his short sale in July 1992 of 1000 shares of Mylan common stock and his subsequent efforts to repurchase the shares necessary to cover the short sale." Ex. 1, Dec. 16, 1998 NASD Award at 2. Chia also alleged that Fidelity employed unlicensed brokers and "engaged in RICO activities." *Id.*; Amended Complaint at ¶ 19. The arbitrators rejected Chia's claims and granted Fidelity's motion to dismiss because the claims were not brought within the applicable three year statute of limitations for such claims under state law. *Id.*; *see also* Fidelity's November 16, 1998 motion to dismiss (a copy of which is attached as Exhibit 6). The parties specifically briefed the issue regarding the applicability of NASD Code of Arbitration Rule 10304 that Chia raises in this case, and in its motion to dismiss, Fidelity explained that this Rule, by its explicit terms, does not extend the applicable statutes of limitations. *See id.* at 5. The NASD arbitration board

---

Award"); the July 20, 1999 Order of the district court upholding the arbitration board's dismissal of Chia's claims, *Chia v. Fidelity Brokerage Servs.*, No. C-99-0027-VRW (N.D. Cal. July 20, 1998) (the "July 20, 1999 District Court Order"); the February 21, 2001 Memorandum Opinion of the Ninth Circuit affirming the district court, *Chia v. Fidelity Brokerage Servs.*, No. 99-17138, 3 Fed. Appx. 642 (9th Cir. Feb. 21, 2001) (the "Feb. 21, 2001 Memorandum Opinion of the Ninth Circuit"); and the April 2, 2001 Order of the Ninth Circuit denying Chia's petition for panel rehearing, *Chia v. Fidelity Brokerage Servs.*, No. 99-17138 (9th Cir. Apr. 2, 2001) (the "Apr. 2, 2001 Order of the Ninth Circuit"), are attached as Exhibits 1, 2, 3, and 4, respectively.

correctly dismissed Chia's claims as being time-barred and granted Fidelity's motion to dismiss. *See* Ex. 1, Dec. 16, 1998 NASD Award at 2.

Thereafter, Chia sought to vacate the NASD arbitration award in the United States District Court for the Northern District of California. *See* Ex. 2, July 20, 1999 District Court Order. In that court, Chia again unsuccessfully argued that NASD Code 10304's six-year eligibility requirement should have applied to his claim instead of the three year state statute of limitations. *Id.* at 1. In rejecting Chia's claim, the district court noted that "the contract between Chia and Fidelity stipulated that Massachusetts law was applied" and that "courts have consistently classified Rule 10304 as an eligibility requirement prohibiting claims over six-years old, not a statute of limitations." *Id.* at 2-3. Consistent with the terms of the rule, the court held that "NASD Code 10304 does not supersede or extend local applicable statute of limitations." *Id.* at 3. Further, the court rejected Chia's argument that the statute of limitations was tolled based on Fidelity's actions between 1992 and the time of Chia's filing. After considering all of the same arguments that Chia has now made in his Amended Complaint before this Court, the district court in California granted Fidelity's motion for judgment confirming the arbitration award and dismissing Chia's complaint. *Id.* at 4-6.

In Chia's appeal to the Ninth Circuit, the court reviewed de novo the district court's decision confirming the arbitration award. *See* Ex. 3, Feb. 21, 2001 Memorandum Opinion of the Ninth Circuit at 2. In rejecting his appeal, the Ninth Circuit flatly stated that "Chia's contentions regarding tolling, that a six-year statute of limitations applies, or that the arbitrators and district court exceeded their power *lack merit*." *Id.* (emphasis added). Thereafter, Chia petitioned for a panel rehearing, which the Ninth Circuit denied with the instruction that "no further filings shall be accepted in this closed appeal." *See* Ex. 4, April 2, 2001 Order of the

Ninth Circuit. After that date, Chia made the following filings in blatant disregard for the Ninth Circuit instruction: (1) June 14, 2001 motion to recall mandate and reopen the case; (2) June 20, 2001 "emergency motion to recall the mandate; to reopen case;" (3) June 22, 2001 letter to court "re: redecide the case;" (4) August 13, 2001 "motion for judgment reformation basis for district court recommendation pursuant to FRCP 60(b)(3);" (5) December 11, 2001 letter to court regarding "mistake on 99-17138;" (6) November 17, 2004 "motion to recall the mandate and void decision;" (7) November 19, 2004 "appellant's supplemental exhibits." *See* Ex. 5, Ninth Circuit docket sheet in *Chia v. Fidelity Brokerage Servs.*, No. 99-17138. The Ninth Circuit's docket sheet recorded that the court was forced to go to the trouble of returning most of these filings to Chia and included a further notation that the April 2, 2001 Order allowed no further filings. *See id.*

Over four years after the decisions that Chia seeks to vacate, Chia now has filed his Complaint in this Court again repeating the same meritless allegations that were finally decided in the California litigation.

## ARGUMENT

### I. CHIA HAS CITED NO GROUNDS FOR VOIDING THE DECISIONS OF THE ARBITRATION BOARD AND THE FEDERAL COURTS IN CALIFORNIA.

Chia provides no legitimate grounds for voiding the decision of the NASD arbitration board, the district court, and the Ninth Circuit; rather, he merely recycles the same arguments he made in those fora in an attempt to relitigate his failed case against Fidelity. Chia primarily argues that the judgments and orders in the California litigation should be voided under Rule 60(b)(4) of the Federal Rules of Civil Procedure because the arbitration board did not have jurisdiction, *see* Pl.'s Mot. to Vacate at 5-7, 9, and that Fidelity is equitably estopped from enforcing the judgments and orders in the California litigation. *Id.* at 7-8. Chia also makes

unintelligible arguments based on 28 U.S.C. § 1963 and the Due Process Clause of the Fifth Amendment to the United States Constitution, but he provides no support for these arguments other than to repeat his assertions regarding lack of jurisdiction. *Id.* at 9. All of Chia's arguments lack merit. The valid and final decisions of the courts of competent jurisdiction in California must be honored, and Chia's motion should be denied.

### A.   Rule 60(b) of the Federal Rules of Civil Procedure Does Not Allow Chia to Escape the Res Judicata Effect of the California Litigation.

Chia cites Rule 60(b)(4) of the Federal Rules of Civil Procedure in support of his motion,[3] but nothing in that Rule allows decisions by courts of competent jurisdiction to be voided based simply on the loser's dissatisfaction with the outcome. "A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2862 (2d ed. 1995).

Chia mistakes his attacks on the jurisdiction of the NASD arbitration board – which also are baseless as explained in the district court's opinion – for valid challenges to the jurisdiction of the district court and Ninth Circuit. Both the district court and the Ninth Circuit considered Chia's jurisdictional arguments and determined that his claims were without merit. *See* Ex. 2,

---

[3] Chia occasionally refers to "28 U.S.C. §60(b)(4)" as the grounds for his motion. *See* Pl.'s Mot. to Vacate at 1, 9. As no such section exists, Fidelity can only assume that Chia is referring to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Further, Chia suggests at some points that subsections 1-3 of Rule 60(b) provide grounds for his motion. *See* Pl.'s Mot. to Vacate at 12; Amended Complaint at ¶ 1. This suggestion is without merit because any motions pursuant to subsections 1-3 of Rule 60(b) by the explicit terms of the Rule must be made "not more than one year after the judgment, order, or proceeding was entered or taken," *see* Fed. R. Civ. P. 60(b), and all of the judgments and orders about which Chia complains were entered over four years ago. Further, motions pursuant to subsection 6 of Rule 60(b) must be made "within a

July 20, 1999 District Court Order; Ex. 3, Feb. 21, 2001 Memorandum Opinion of the Ninth Circuit. In particular, the Ninth Circuit explicitly determined that it had subject matter jurisdiction pursuant to 28 U.S.C. § 1291 and that "Chia's contentions . . . that the arbitrators and district court exceeded their powers lack merit." *Id.* at 2.

Thus, the Ninth Circuit considered and finally decided the issue of jurisdiction and found in favor of Fidelity, which dooms Chia's motion. As explained by one of the foremost authorities on federal procedure, when the federal courts in California decided the jurisdictional questions against Chia, the decision was binding in future actions on the same issues:

> It must be noted, however, that a court has jurisdiction to determine its own jurisdiction. Thus, if defendant has challenged the court's personal jurisdiction and this issue has been resolved against the defendant by a final judgment, that judgment is not void, but is binding on the issue of jurisdiction. By the same token, a court's determination that it has jurisdiction of the subject matter is binding on that issue, if the jurisdictional question actually was litigated and decided, or if a party had an opportunity to contest subject-matter jurisdiction and failed to do so.

11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2862 (2d ed. 1995) (collecting cases). Thus, because Chia's arguments were considered and rejected by courts of competent jurisdiction in California, the decisions of those courts are binding against Chia here. *Id.*

Further, Chia claims that the arbitration board did not have "jurisdiction" to dismiss his complaint based on the statute of limitations issue because that issue "is for court to decide, rather than for arbitrators. [sic]" Pl.'s Mot. to Vacate at 6. Thus, Chia essentially acknowledges that the *district court*, as opposed to the *arbitration board*, had jurisdiction to hear his claims. Of course, regardless of whether the arbitration board or the district court should have addressed the

---

reasonable time," *see* Fed. R. Civ. P. 60(b), and Chia has brought this action four years after the relevant judgments and orders in the California courts.

statute of limitations issue in the first instance, both rejected Chia's arguments, and both independently found that his claims were barred by the three-year statute of limitations. *See* Ex. 1, Dec. 16, 1998 NASD Award; Ex. 2, July 20, 1999 District Court Order upholding the arbitration board's dismissal of Chia's claims.

Moreover, Chia has suggested no factual or other developments that would justify a review of the California judgments and orders, as occurred in cases that Chia cites such as *Bros Inc. v. W.E. Grace Manuf. Co.*, 351 F.2d 208 (5th Cir. 1965). In *Bros Inc.*, the court felt compelled to grant relief under Rule 60(b) because a fact that was not attacked in the earlier Eighth Circuit proceeding was established as an indisputable fact in the Fifth Circuit. *See id.* at 210-11. Chia can point to no such new factual developments in this case that would justify Rule 60(b) relief.

### B.  Chia's Equitable Estoppel Argument Also Fails.

Chia's estoppel argument was rejected by the California courts, and he provides no basis for vacatur on that basis in this Court. The cases Chia cites stand only for the proposition that, in the first instance, if a defendant took actions that prevented the plaintiff from filing or persuaded a plaintiff to forego filing a timely claim, the statute of limitations may be tolled. *See, e.g., Tyra v. Bd. of Police and Fire Pension Comm'rs*, 197 P.2d 710 (Cal. 1948). These cases say nothing about this Court's ability to vacate the decision of two federal courts of competent jurisdiction that already have considered and rejected the assertion that Fidelity did anything that would have equitably tolled the statute of limitations. This argument is nothing more than an attempt to relitigate the equitable tolling issue that was finally decided in the California courts in favor of Fidelity. As such, this Court should deny Chia's motion to vacate, and give effect to the judgments and orders of the California courts, which bar Chia's claims in this Court.

## CONCLUSION

For all of the above reasons, Chia's Motion to Vacate should be denied.

Respectfully Submitted,

_____
Amy J. Conway (D.C. Bar No. )
Patrick D. Conner (D.C. Bar No. 472298)
(seeking admission to this Court)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202.739.5953
202.739.3001 (fax)

Attorneys for Defendant
FIDELITY INVESTMENTS
INSTITUTIONAL SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2005, a true and correct copy of the foregoing Fidelity's Opposition to Plaintiff's Motion to Vacate was served by first class mail on:

Samuel G. Chia
2450 Lake Street #2
San Francisco, CA 94121

Plaintiff *pro se*

_____
Patrick D. Conner