United States District Court

For the District of Columbia

Samuel G. Chia
                Plaintiff
    v.

Fidelity Investments Institutional
Services Co, Inc aka Fidelity
Brokerage Services Inc of Mass.
                Defendant

Civil Action No.
!:05CV01114 JR

Ptf's reply to dft's opposition to his motion to vacate and reverse the void judgment rendered by the California federal courts affirming NASD unauthorized dismissal pursuant FRCP §60 (b)(4)(6),§1963 and U.S.C.A. Cont amend 5 due process claude

Introduction

Plaintiff has fully proven that the NASD dismissal on ptf's case No. 98 02028 was void and fraudulent and was not affirmable by any court, because the S. Ct did and does remove NASD arbitrators' arbitral jurisdiction limiting thier function only to arbitrating case to merit complied by a major U.S. cir. cts as shown in his motion further dft breached its compulsary arbitration agreement citing a shorter statute to falsely move with a phony bar to dismiss ptf timely filed case deserving CA quitable estoppel for violating its limitation action and etc... Dft failed to dispute the S. Ct removing the ARBITRATORS' jurisdiction but misconstrued that the NASD arbitrators' dismissal was not void because it was affirmed by the competent Cal district and 9th Cir Cts with thier jurisdiction and dft did not delay ptf filing case as in the cited authorities where the estopped parties did delay the opponents filing case(s) for being estopped and other immaterials, all of them are meritless:

Ia)Dft did delay /obstruct ptf for 7 years,time must be tolled till now pursant to R.§60 (b)(2) or ptf would have littigated in 1998 & prevailed.

Ib)      Void NASD dismissal and its affirmances

As stated, it was and is the S. Ct's action to remove the NASD arbitrators' jurisdiction in 1986 in A T & T case stated in pft summary motion and his 1st amended complaint, dft fraudulently influenced the arbitrators to dismiss citing a false bar in 1998 constituting a

1

permanent void dismissal of deception because of the S Ct's prior removal of thier arbitral jurisdiction that means the S.Ct makes the dismissal void by means of its 1986 order in 1998, even the 9th unclearly affirmed with a bunch of confusions at a lower court level incompetently to overrule the S. Ct decision remaining its void nature and the 9th Cir. order was also void for failing to beat the S. Ct's order becoming nothing and the Calif. District Ct order as well became nothing over there returning a new case to ptf for li- tigating in this D.C. court pursuant to FRCP §60 (b)(4) with the unlitigated RICO, mental harassment and malice before the Hon. James Robertson with no time limitation for plaintiff's reliefs basis for FRCP §60 (b) in express way previously claimed in his summary motion under the situation, the Calif courts could only comply to vacate there was and is no other choice to fight the S. Ct inconsistently that all the other Cirs so complied that ptf had indicated four(4) of them dominent over the only single 9th Cir. by dft that all the void decisions by the arbitration board, Cal dist. and 9th Cir. must be voided as long as ptf continues to pursue it cannot become finalized by due process clause of the 5th amendment which empowers this court with jurisdiction as already stated in ptf's motion dft however, falsely pretends that ptf did not requiring ptf to repeat much more and §1963 permits ptf to bring this case to this court supported by Harper Macleod Solicitors v. KEATY & Keaty 260 F3d 389 (5th Cir 2001), DFT however, misrepresented pft did not and there were many similar misrepresentations by dft's attys that thier motion to dis- miss is similar to that of thier opposition for more confusions to court as well as the ptf!

## II

### APPLICATION OF EQUITABLE ESTOPPEL ON dft

Dft failed to dispute the principles of dft's violating Cal limitation action but flimsyly argued that dft did not delay ptf's filing timely case in may 1998 to liligate dft's Jul 2 1992 RICO, but its misrepresentations to defraud length of time limit in shortening six years to three years causing ptf case to be dismissed requiring to litigate in 2005 instead of

2

1998 delaying for seven years even worse than that of Tyra v. Bd. of Police and fire Pension Comm'rs 197 P.2d 710 (Cal.1948)the violation is to cause dft to be estopped in this litigation in disregarding dft documents and only pft documents are eligible for reference in granting judgment by the court.When the past decisions/orders/judgments become void with nothing binding the plaintiff as stated before basis for the S. Ct order in A T & T case in 1986 aforesaid.

### III

### Dft attorneys' res judicata claim

Dft's attorneys knew and admitted that res judicata cannot be applied to bar FRCP §60(b) in dft's opposition mid page of 7 in reading Bros Inc. v. W.E. Grace Manuf. Co.;351 F2d 208 (5th Cir.1965) and also know there is an ironic FRCP §60(b)(4) coming for ptf to litigate his case after vacating all past decisions yet they still falsely cite res judicata for nothing even the Calif courts' oppinions are wiped out by the S Ct order.

### IV

### 28 U.S.C.§1291 jurisdiction

28 U.S.C.§1291 does not enpower the 9th Cir. to overrule the S Ct's order removing arbitrators' arbitral jurisdiction and it is useless for dft to cite the Section for overturning the S. Ct order. that Calif. courts' decisions remaining void together with NASD dismissal for ever.

### V

About misrepresenting to have recieved only a single page of the original complaint again footnot 1 p.1 of opp.

By all ptf's account, dft should have recieved two (2) original complaints together with two complete sets of motion documents with one directly to Boston MA for FBS not via its C T Corp agent on Jul 12,05 another to Fidelity Investments Institutional Services Co., Inc via C.T.Corp L.A. Ca as proven previously that dft must respond to whichever it recieved earlier. However, dft just falsely pretended not recieving the earlier one that this court has its jurisdiction though it did

not registrate with Calif. State Dept, dft is at fault but chose to respond only to the later one served in Jul 20, 05 with misrepresentation that there was only a single page of the original complaint that its attys were not the reciever with no personal knowledge for failing to prove with declaration under penalty of perjury by C T Corp reciever with no legal effect by merely misrepresentation even dft has done it twice that its attys have been practising frauds in this court with repeated unnecessary documents as much as possible as well for thier corrupt fees troubling court requiring its action necessary meaning Amy J. Conway and Patrick D. Conner as well when Mr. Conner has not yet admitted to this court.

## VI

### About 28 U.S.C. §60 (b) (4)

As far as ptf knows that Fed. Civil R. of Procedure (FRCP) are inside or part of 28 U.S.C. items, there was no mistake of pft to state 28 U.S.C. §60 (b) (4) instead of FRCP §60 (b)(4) with no importance.

Basis upon all above, it is clear that plaintiff Samuel G. Chia is not attempting to resurrect claims aganist defendant Fidelity Investments Institutional Services Co., Inc. supported by huge legitimate grounds for his filing the summary motion for his reliefs from grievances that defendant's opposition should be denied and plaintiff's motion should be granted pursuant to FRCP §60 (b) in its express way for time saving.

Date Aug. 31, 2005                              Respectfully submitted

*Samuel G. Chia*
Samuel G. Chia
in pro se

4