IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL G. CHIA, </br></br> Plaintiff, </br></br> v. </br></br> FIDELITY INVESTMENTS INSTITUTIONAL SERVICES CO, INC. a/k/a FIDELITY BROKERAGE SERVICES, INC.[1] </br></br> Defendant | Civil Action No. 1:05CV01114 - JR |

### FIDELITY'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, Defendant Fidelity Investments also known as Fidelity Brokerage Services, Inc. ("Fidelity") hereby moves the Court for the imposition of sanctions against Plaintiff, Samuel G. Chia ("Chia") for the reasons set forth in Fidelity's Memorandum in support of this motion, filed simultaneously herewith.

Fidelity respectfully requests that this Court:

1. dismiss Chia's "First amended complaint for damages;"[2]

2. instruct Chia to make no more filings of any kind against Fidelity in this Court,

---

[1] Fidelity Investments Institutional Services Co., Inc. and Fidelity Brokerage Services, L.L.C. are separate and distinct companies. The contractual relationship at issue in this case existed between Mr. Chia and Fidelity Brokerage Services, L.L.C.

[2] On July 22, 2005, Fidelity was served by U.S. Mail with a summons and only one page of Chia's "First amended complaint for damages" that contained the above caption. The caption contained in the "First amended complaint for damages" that is on file with this Court does not match the caption on the only page of the "First amended complaint for damages" that Chia served by mail on Fidelity. References to the "Amended Complaint" are based on the allegations contained in the "First amended complaint for damages" that Fidelity obtained from this Court.

3. relieve Fidelity from responding to any additional motions that Chia makes in this Court, and

4. impose monetary sanctions against Chia for the reasonable costs and expenses that Fidelity has incurred in defending this frivolous action.

Respectfully Submitted,

*[signature]*

Amy J. Conway (D.C. Bar No. 443995)
Mark A. Srere (D.C. Bar No. 414487)
Patrick D. Conner (D.C. Bar No. 472298)
(seeking admission to this Court)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202.739.5953
202.739.3001 (fax)

Attorneys for Defendant
FIDELITY INVESTMENTS
INSTITUTIONAL SERVICES, INC.

---

Fidelity was never served with Chia's original Complaint and has moved to dismiss the Amended Complaint under separate cover.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2005, a true and correct copy of the foregoing Fidelity's Motion for Sanctions was served by first class mail on:

Samuel G. Chia
2450 Lake Street #2
San Francisco, CA 94121

Plaintiff *pro se*

_____
Mark A. Srere

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL G. CHIA, )
)
Plaintiff, )
)
v. )   Civil Action No. 1:05CV01114 - JR
)
FIDELITY INVESTMENTS )
INSTITUTIONAL SERVICES CO, INC. )
a/k/a FIDELITY BROKERAGE )
SERVICES, INC.[1] )
)
Defendant )

## MEMORANDUM IN SUPPORT OF FIDELITY INVESTMENTS INSTITUTIONAL SERVICES CO., INC.'S MOTION FOR SANCTIONS

### BACKGROUND

Plaintiff Samuel G. Chia ("Chia") is a serial abuser of the judicial process. In fact, this case marks the third time that Chia has attempted to relitigate issues that have been finally decided against him and barred by res judicata. *See Chia v. Lujan*, No. 91-15987, 1992 WL 137193, at *1 (9th Cir. June 17, 1992) (holding that Chia's second complaint against Secretary of Interior was barred by res judicata); *Chia v. Motorola Communications, Inc.*, No. 92-16248, 1993 WL 98826, at *1 (9th Cir. April 2, 1993) (affirming dismissal of Chia's second complaint

---

[1]   Fidelity Investments Institutional Services Co., Inc. and Fidelity Brokerage Services, L.L.C. are separate and distinct companies. The contractual relationship at issue in this case existed between Mr. Chia and Fidelity Brokerage Services, L.L.C.
    On July 22, 2005, Fidelity was served by U.S. Mail with a summons and only one page of Chia's "First amended complaint for damages" that contained the above caption. The caption contained in the "First amended complaint for damages" that is on file with this Court does not match the caption on the only page of the "First amended complaint for damages" that Chia served by mail on Fidelity. References to the "Amended Complaint" are based on the allegations

against Motorola on res judicata grounds); *Chia v. Motorola Communications, Inc.*, No. 94-17100, 1995 WL 499442, at *1 (9th Cir. Aug. 22, 1995) (affirming dismissal of Chia's third complaint and imposition of sanctions). Indeed, in addition to upholding the dismissal of Chia's complaint on res judicata grounds, the Ninth Circuit in other cases has affirmed the imposition of sanctions against Chia because he had "filed three lawsuits arising from the same set of facts, and reargued the merits of his claims in post-judgment motions and appeals, all of which were without merit." *Id.* In these cases, Chia established a pattern of filing repetitive, frivolous suits to such an extent that the district court in his case against Motorola imposed a pre-filing review requirement for any further complaints against Motorola in addition to imposing monetary sanctions under Rule 11. *Id.*

Following this same pattern of filing duplicative, harassing suits, Chia in this case brings claims against Fidelity Investments Institutional Services Co., Inc. a/k/a Fidelity Brokerage Services, Inc. ("Fidelity") that already have been fully considered and properly rejected by (1) the National Association of Securities Dealers ("NASD") arbitration board, (2) the United States District Court for the Northern District of California, and (3) the United States Court of Appeals for the Ninth Circuit.[2] In rejecting his appeal, the Ninth Circuit flatly stated that Chia's claims

---

contained in the "First amended complaint for damages" that Fidelity obtained from this Court. Fidelity was never served with Chia's original Complaint.

[2] A copy of the December 16, 1998 Award of the NASD arbitration board in favor of Fidelity, *In the matter of the Arbitration Between Samuel G. Chia v. Fidelity Brokerage Servs.*, Arb. No. 98-02028, Award (Dec. 16, 1998) (the "Dec. 16, 1998 NASD Award"); the July 20, 1999 Order of the district court upholding the arbitration board's dismissal of Chia's claims, *Chia v. Fidelity Brokerage Servs.*, No. C-99-0027-VRW (N.D. Cal. July 20, 1998) (the "July 20, 1999 District Court Order"); the February 21, 2001 Memorandum Opinion of the Ninth Circuit affirming the district court, *Chia v. Fidelity Brokerage Servs.*, No. 99-17138, 3 Fed. Appx. 642 (9th Cir. Feb. 21, 2001) (the "Feb. 21, 2001 Memorandum Opinion of the Ninth Circuit"); and the April 2, 2001 Order of the Ninth Circuit denying Chia's petition for panel rehearing, *Chia v. Fidelity Brokerage Servs.*, No. 99-17138 (9th Cir. April 2, 2001) (the "April 2, 2001 Order of the Ninth Circuit"), are attached as Exhibits 1, 2, 3, and 4, respectively.

2

"lack merit." *See* Ex. 3, February 21, 2001 Memorandum Opinion of the Ninth Circuit at 2. Later, in denying Chia's petition for panel rehearing, the Ninth Circuit not only denied the request, but also went so far as to explicitly restrict any further filings by Chia in that appeal. *See* Ex. 4, April 2, 2001 Order of the Ninth Circuit. Chia brazenly ignored the Ninth Circuit's explicit direction and made no less than seven additional filings after receiving notice from the Ninth Circuit that he should not do so.[3]

Now, in this Court, Chia continues his pattern of filing frivolous, harassing, and vexatious pleadings against Fidelity by filing a "First amended complaint for damages" covering the same claims and facts involved in the California litigation. Chia was well aware from his experience in *Motorola* that continuing to file repetitive, frivolous complaints could subject him to sanctions, but now his apparent strategy is simply to change forums for his duplicative suits. After being put on notice by the Ninth Circuit that his claims against Fidelity "lack merit," and after ignoring the Ninth Circuit's instruction that no further filings would be accepted, Chia's *pro se* status should not protect him from sanctions for filing his frivolous Amended Complaint in this Court. As a sanction under Rule 11 of the Federal Rules of Civil Procedure, Chia's Complaint should be dismissed, and Fidelity should be awarded its reasonable fees and expenses for responding to these claims that already have been considered and adjudged as lacking merit.[4] Further, Chia should be restricted from submitting any additional pleadings, motions, or other filings against Fidelity without under going pre-filing review, and Fidelity should be relieved from responding to any further pleadings by Chia in this Court.

---

[3]  A copy of the Ninth Circuit's Civil Docket for Chia's appeal in *Chia v. Fidelity Brokerage Services*, No. 99-17138, is attached as Exhibit 5.
[4]  Fidelity also has filed a separate motion to dismiss Chia's claims under Federal Rule of Civil Procedure 12(b)(4),(5), and (6).

3

## STATEMENT OF FACTS

Chia filed his Statement of Claim against Fidelity with the NASD arbitration board on June 2, 1998, alleging "fraud, misrepresentation, and breach of fiduciary duty arising out of his short sale in July 1992 of 1000 shares of Mylan common stock and his subsequent efforts to repurchase the shares necessary to cover the short sale." Ex. 1, Dec. 16, 1998 NASD Award at 2. Chia also alleged that Fidelity employed unlicensed brokers and "engaged in RICO activities." *Id.*; Amended Complaint at ¶ 19. The arbitrators rejected Chia's claims and granted Fidelity's motion to dismiss because the claims were not brought within the applicable three year statute of limitations for such claims under state law. *Id.*; *see also* Fidelity's Nov. 16, 1998 motion to dismiss (a copy of which is attached as Exhibit 6). The issue regarding the applicability of NASD Code of Arbitration Rule 10304 that Chia raises in this case was specifically briefed by the parties, and in its motion to dismiss, Fidelity explained that this Rule, by its own terms, does not extend the applicable statutes of limitations. *See id.* at 5. The NASD arbitration board correctly dismissed Chia's claims as being time-barred and granted Fidelity's motion to dismiss. *See* Ex. 1, Dec. 16, 1998 NASD Award at 2.

Thereafter, Chia sought to vacate the NASD arbitration award in the United States District Court for the Northern District of California. *See* Ex. 2, July 20, 1999 District Court Order. In that court, Chia again unsuccessfully argued that NASD Code 10304's six-year eligibility requirement should have applied to his claim instead of the three year state statute of limitations. *Id.* at 1. In rejecting Chia's claim, the district court noted that "the contract between Chia and Fidelity stipulated that Massachusetts law was applied" and that "courts have consistently classified Rule 10304 as an eligibility requirement prohibiting claims over six-years old, not a statute of limitations." *Id.* at 2-3. Consistent with the terms of the rule, the court held

4

that "NASD Code 10304 does not supersede or extend local applicable statute of limitations." *Id.* at 3. Further, the court rejected Chia's argument that the statute of limitations was tolled based on Fidelity's actions between 1992 and the time of Chia's filing. After considering all of the arguments that Chia also has made in his Amended Complaint in this Court, the district court in California granted Fidelity's motion for judgment confirming the arbitration award. *Id.* at 4-6.

On Chia's appeal to the Ninth Circuit, the court reviewed de novo the district court's decision confirming the arbitration award. *See* Ex. 3, Feb. 21, 2001 Memorandum Opinion of the Ninth Circuit at 2. In rejecting his appeal, the Ninth Circuit flatly stated that "Chia's contentions regarding tolling, that a six-year statute of limitations applies, or that the arbitrators and district court exceeded their power *lack merit*." *Id.* at 3, (emphasis added). Thereafter, Chia petitioned for a panel rehearing, which the Ninth Circuit denied with the instruction that "no further filings shall be accepted in this closed appeal." *See* Ex. 4, April 2, 2001 Order of the Ninth Circuit. After that date, Chia made the following filings in blatant disregard for the Ninth Circuit instruction: (1) June 14, 2001 motion to recall mandate and reopen the case; (2) June 20, 2001 "emergency motion to recall the mandate; to reopen case;" (3) June 22, 2001 letter to court "re: redecide the case;" (4) August 13, 2001 "motion for judgment reformation basis for district court recommendation pursuant to FRCP 60(b)(3);" (5) December 11, 2001 letter to court regarding "mistake on 99-17138;" (6) November 17, 2004 "motion to recall the mandate and void decision;" (7) November 19, 2004 "appellant's supplemental exhibits." *See* Ex. 5, Ninth Circuit docket sheet in *Chia v. Fidelity Brokerage Servs.*, No. 99-17138. The docket sheet recorded that the court was forced to go to the trouble of returning most of these filings to Chia and included a further notation that the April 2, 2001 Order of the Ninth Circuit allowed no further filings. *See id.*

5

Chia now has filed his Complaint in this Court again repeating the same meritless allegations that were at issue and finally decided in the California litigation. Chia has made no allegations of fact that would justify his claim that the decisions of the arbitration board, the district court, and the Ninth Circuit are "void," but rather simply repeats his rejected arguments that the NASD Code 10304 should govern his claim or that the statute of limitations was tolled in an attempt to have this Court "redecide" his case. Pursuant to Rule 11(c), Fidelity served its proposed motion for sanctions on Chia on August 11, 2005 and demanded that Chia withdraw his frivolous Complaint.[5] Chia not only has refused this demand, but has continued to file incendiary and frivolous papers with this Court.

## ARGUMENT

I. **SANCTIONS ARE WARRANTED BECAUSE CHIA WAS ON NOTICE THAT HIS CLAIMS WERE MERITLESS WHEN HE FILED HIS FRIVOLOUS, VEXATIOUS AMENDED COMPLAINT.**

Chia should be sanctioned because he filed an Amended Complaint containing meritless, duplicative allegations that already had been rejected and finally decided by courts of competent jurisdiction. Rule 11 of the Federal Rules of Civil Procedure provides that by presenting a pleading to the Court, a party is

> certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

---

[5] A copy of the August 11, 2005 letter to Chia is attached as Exhibit 7.

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

As the D.C. Circuit has explained, the "central purpose of Rule 11 is to deter baseless filings" such as Chia's "and thus streamline the administration and procedure of the federal courts." *Marina Mgmt. Servs., Inc. v. Vessel My Girls*, 202 F.3d 315, 325 (D.C. Cir. 2000). The test for imposing sanctions under Rule 11 is "objective" and asks "whether a reasonable inquiry would have revealed there was no basis in law or fact for the asserted claim." *Reynolds v. U.S. Capitol Police Board*, 357 F. Supp. 2d 19, 23 (D.D.C. 2004) (sanctioning plaintiff and his attorneys for re-filing claims dismissed in earlier actions). Dismissal is an appropriate sanction under Rule 11 when lesser sanctions would be ineffective. *See Marina Mgmt.*, 202 F.3d at 325. Filing restrictions and monetary penalties also have been approved as appropriate sanctions. *See McCreary v. Heath*, No. 04-00623 (PLF), 2005 U.S. Dist. LEXIS 7986, at *7 n.5 (D.D.C. April 22, 2005) (imposing filing restrictions against *pro se* plaintiff as Rule 11 sanction when plaintiff's third complaint was "not presented for a proper purpose, but instead [was] based upon unwarranted or frivolous argument and upon allegations and factual contentions without evidentiary support"); *Reynolds*, 357 F. Supp. 2d at 26 (imposing monetary penalty as sanction).

This Court has plainly stated that attempts to resurrect claims that previously have been decided by the courts on the same facts is sanctionable conduct: "where a party reiterates arguments that have already been unequivocally rejected by the Court, and its pleadings reflect a deliberate decision to ignore an opinion of the Court which is the controlling law of the case, sanctions are warranted under Rule 11." *Reynolds*, 357 F. Supp. 2d at 24. Thus, Chia's

persistence in re-filing his meritless California claims that already have been adjudicated is conduct that this Court should sanction.

Although Chia is a *pro se* plaintiff, he cannot claim unfamiliarity with the judicial process or with the merit of his claims after the decisions of the district court and the Ninth Circuit in his California litigation. While courts in the D.C. Circuit have looked to protect *pro se* plaintiffs unfamiliar with the justice system, "a *pro se* litigant, like any other litigant, must comply with the Federal Rules of Civil Procedure," which includes compliance with Rule 11 standards. *See McCreary v. Heath*, No. 04-00623 (PLF), 2005 U.S. Dist. LEXIS 7986, at *7 n.5 (D.D.C. April 22, 2005) (imposing filing restrictions against *pro se* plaintiff as Rule 11 sanction when plaintiff's third complaint was frivolous); *Mikkilineni v. Penn Nat. Mut. Cas. Ins. Co.*, 271 F. Supp. 2d 151, 155 (D.D.C. 2003) (dismissing *pro se* plaintiff's complaint, *sua sponte*, as Rule 11 sanction where plaintiff circumvented court order and abused judicial process by re-filing stricken complaint). The D.C. Circuit itself has imposed sanctions on a *pro se* plaintiff under Rule 38 of the Federal Rules of Appellate Procedure where the plaintiff repeated frivolous arguments in subsequent cases after he "ha[d] been informed of the meritless nature of his claims." *See Billman v. Comm'r of Internal Revenue*, 847 F.2d 887, 889-90 (D.C. Cir. 1988).

After ignoring the Ninth Circuit's statement on the merit of his claims and its instruction on further filings, Chia has now turned to this Court to continue the same pattern of harassing conduct in his attempt to have this Court "redecide" the California case. Chia has even gone so far as to make the spurious allegation without any support in the record that counsel for Fidelity "lied" to the NASD panel. *See* Chia's "motion to vacate and reverse void judgment rendered by California federal courts affirming NASD unauthorized dismissal . . ." at 4. After the Ninth Circuit's affirmation of the district court and pronouncement that Chia's claims "lack merit,"

8

Chia was aware that his claims were not "warranted by existing law," or based on "nonfrivolous argument[s]" that have "evidentiary support," yet he filed his Complaint in utter disregard of these Rule 11 requirements for the "improper purpose" of harassing Fidelity and seeking to have this Court review claims already decided by a NASD arbitration board and two federal courts. Moreover, Chia was aware from his experience in prior cases that persisting in such conduct could subject him to sanctions. See *Chia*, 1995 WL 499442, at *1. As such, Chia's conduct is plainly deserving of sanctions under Rule 11(b)(1), (2), and (3), regardless of his *pro se* status.

This Court's decision in *Reynolds*, which dealt with a similar plaintiff who attempted to re-file claims that had been dismissed in earlier actions, is instructive:

> Plaintiff and his counsel's view of litigation appears to be somewhat akin to a roulette game with an endless series of spins at the wheel. Putting aside the cynicism inherent in such an attitude, judicial resources are far too scarce to accommodate such conduct and Rule 11 was constructed, in part, to ensure that it does not become common place.

*Reynolds*, 357 F. Supp. 2d at 25. Just as in *Reynolds*, this Court should put an end to Chia's attempts to relitigate the same claims that were decided in the California litigation, and impose sanctions to stop his harassment of Fidelity.

In light of Chia's history and pattern of conduct, simple admonitions are not likely to be effective in deterring Chia from similar conduct, in which case sanctions such as dismissal, monetary penalties, and the imposition of filing restrictions are justified. *See Reynolds*, 357 F. Supp. 2d at 26 (dismissing claims and imposing monetary penalties as Rule 11 sanction); *Marina Mgt.*, 202 F. Supp. 2d at 325 (dismissing counterclaims as Rule 11 sanction); *McCreary v. Heath*, 2005 U.S. Dist. LEXIS 7986, at *7 n.5 (imposing filing restrictions against *pro se* plaintiff as Rule 11 sanction when plaintiff's third complaint was frivolous). Particularly in light of the fact that Chia continued with his repetitive, harassing filings in the Ninth Circuit after

receiving instructions that no further filings would be accepted there, the sanctions that Fidelity requests are warranted to ensure that this frivolous, harassing conduct does not continue. While courts justifiably seek to protect *pro se* plaintiffs from confusing, technical aspects of procedure, our system of justice should not protect the *pro se* plaintiff who simply refuses to take "no" for an answer or to accept the binding decisions of our federal courts. Fidelity's motion for sanctions should be granted to prevent further harassing, duplicative, and costly litigation in the courts over claims that already have been fully reviewed and finally decided.

## CONCLUSION

For all of the above reasons, Fidelity's Motion for Sanctions should be granted, and this Court should:

1. dismiss Chia's "First amended complaint for damages;"
2. instruct Chia to make no more filings of any kind against Fidelity in this Court,
3. relieve Fidelity from responding to any additional motions that Chia makes in this Court, and
4. impose monetary sanctions against Chia for the reasonable costs and expenses that Fidelity has incurred in defending this frivolous action.

Respectfully Submitted,

_/s/ Mark A. Srere_
Amy J. Conway (D.C. Bar No. 443995)
Mark A. Srere (D.C. Bar No. 414487)
Patrick D. Conner (D.C. Bar No. 472298)
(seeking admission to this Court)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
202.739.5953
202.739.3001 (fax)
Attorneys for Defendant

FIDELITY INVESTMENTS
INSTITUTIONAL SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2005, a true and correct copy of the foregoing Fidelity's Motion for Sanctions was served by first class mail on:

Samuel G. Chia
2450 Lake Street #2
San Francisco, CA 94121

Plaintiff *pro se*

_____
Mark A. Srere