Samuel G. Chia
2450 Lake St #2
San Francisco CA 94121

RECEIVED
SEP 7 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
For The District Of Columbia

Case No.1:05CV01114 JR

Samuel G. Chia
        Plaintiff
v.
Fidelity Investments Institutional
Services Co,Inc aka Fidelity Brokerage
Services, Inc.
        Defendant

Plaintiff's request court's adjudication on his motion brief granting him a judgment and opposition to dft's motion to dismiss.

    For purpose of this court's adjudication against this estopped defendant above named on the plainly void judgment rendered in Ca it is of no moment that the defendant Fidelity has chosen to be r represented by Morgan Lewis does not provide any legal basis for defending said void judgment with induced frauds even by such a law firm of possible white is to be treated like any other party and is entitled to the same but no greater consideration than other litigants as in this District of Columbia a strickly fair court for interest of our constitution or laws unlike that of in the uncivized area of Calif for only the riches and whites.

I

Application of defendant's equitable estoppel

    Dft's attorney Amy conway acts fraudulently without saying a word to show reasonable cause why equitable estoppel should not be applied to dft Fidelity for inconsistently moving to dismiss citing a shoter false statute not controlling the arbitration in a jurisdictionless NASD Board obtaining its unaffirmable void dismissal in violation of California limitation action whereas the arbitration was in fact and in truth controlled by a six year contractually agreed time limitation pursuant to dft's compulsary arbitration agreement and NASD's time limit code 10304 previously stated in ptf's motion, dft is well therefore estopped pending court's decision on the void judgment

1. Ptf respectfully asks ct to view his motion where dft questions will be answered.

1

Pursuant to FRCP §60(b)(4). Ms. Conway, however, falsely cover them up all for frauds and initiates a false and fraudulent motion to dismiss misciting the res judicata doctrine with a bunch of past void decisions against the S. Ct rulings as well as the federal and CA laws in violation of the court moral professional conducts thereof as required by the admission to this court. The court should apply the equitable estoppel to dft Fidelity and disregard its documents that only plaintiff Chia's documents are eligible for court's reference in granting its judgment for judicial time saving and it is important to avoid the risk of fraud induction by the dft's attorney as to maintain court's reputation.

II

Defendant's failure to argue on its fraudulent void
dismissal award and affirmances in California

Dft also fails to provide a word to challege the S. Ct's removing the NASD arbitrators' arbitral jurisdiction and the major U.S. Cir. compliances on the removal (p.3 to 10 of plt's motion brief) with few tens of void judgments to be nullified and reversed that is an unbeatable power, defendant can only produce a very flimsy words " [t]he arbitrators dismissing the case for exceeding 3 year statute and the competent Calif Dist. and 9th Cir affirmed it" query such support dft's motion to dismiss?! Who empowered NASD arbitrators to dismiss a timely case ? What were inside NASD time limitation code 10304 not six years for arbitration ? Did the S Ct not transfer the arbitral jurisdiction to district court in A T & T case in 1986? Here shows NASD arbitrators not functioning within the scope of thier duty rendereding them unimmune by the S Ct law that they can be sued lawfully and Fidelity's former attorneys carried frauds for no immunity also by Calif laws! There have been no court to knowingly affirm a void fraudulent dismissal except the Calif. cts particularly the S Ct advises the litigants to void the judgment rendered without jurisdiction for numbers of times and also advises all its lower courts to be sure that the judgment they rendered

2

1   Ptf is not vexatious or abusive to
    complain about arbitrator & law firm
    rather they fraudulent not within th...

with a jurisdiction or automatically voids it themselve--"sue spote" (motion 10:!-9), all the Cirs did not and do not let void judgment run (motion 7:1-22) even the 9th Cir itself(see F.D.I.C. v. Aaronian 93 F 3d 638 639 (1986 9th Cir.) except Chia v. Fidelity herein against all laws and all courts in the most abusive way as described by the dft for use to move to dismiss THAT deft and its atty are the most illegal, abusive and fraudulent!

### III
### Res judicata cannot be applied to void case of deception with void affirmance

To affirm even a hundred of times on the NASD void fraudulent dismissal in complete absence of arbitral jurisdiction removed by the top S. Ct is still void judgment by the 9th Cir. subjecting to vacation and reversal pursuant to FRCP §60(b)(4) any time & (1-3,6) because they are huge Rules not controlled by a small doctrine res judicata, especially R.60(b)(4) void judgment means no judgment and no litigation done validly previously, so they all are not counted in the new litigation for vacation and reversal that is the reason that the res judicata doctrine is useless to bar a void case litigation. All the California lower courts' affirmances on the NASD void dismissal of deception are still void because they were incompetent to overrule the top S.Ct's order removing the arbitrators' arbitral jurisdiction in A T & T case in 1986 previously stated even though they had altered to shorten the 6 year contractually ageed time limit to 3 year statute of limitations and cited a lot of irrelevants in support of thier orders but they the lower courts could not/ did not order to remove the S. Ct order probitting arbitrators to run thier jurisdiction in dft's Exh.2 and 3 forming a very important point that the two orders were based on the void award of deception that they all are still void remaining dft's RICO to be litigated in ptf's motion herein when dft miscites cases with diferent nature which had validly been litigated with court's jurisdiction in its origin were usually not allowed to relitigated diferent from that of the captioned

3

2. There were tens of void judgments vacated & reversed in ptf S Motion not affected by res judicata,

case herein that dft is misleading the court for fraud in its habit

IV

About the functions of 28 U.S.C.§1963 and the 5th Amendment

Since §1963 empowers ptf to transfer the case to this D.C. Court because of the void nature of the judgment meaning there was (were) undue process, the 5th Amendment due process clause empowers this court to reverse requested by the ptf (see Harper v. Keaty 260 F3d 289(5th Cir. 2001) (the case was originally litigated with a jurisdiction in Texas to be transferred to LA for relitigation voided by the district ct and affirmed by the 5th Cir as discussed in p. 9 of ptf summary motion) FURTHER, the 2nd Cir. just directly granted summary judgment for the victim basis for FRCP §60 (b) (6) in Mildred A. McLearn v. Cowen & Co. and Merrill Lynch Pierce Fenner & Smith Inc. 666 F2d 845 for also void judgment unaffected by res judicata (p.7 of ptf s motion). Dft just falsely pretends that void litigation is also affected by res judicata to defraud the court and ptf ALL the times herein.

V

Case with void judgment consisting of unlitigated RICO, violation CA limiation action and other felonies is not a frivolous case for the offender to claim sanction misciting R. 11 for fraud.

It is the legal right of the victim ptf to litigate the void case suffering dft's felonies protected by laws aforesaid i.e. the FRCP §60 (b) and is not afraid of the threat, there will be no withdrawal of his case instead, ptf requests that the court adjudicates and overurns the case in accordance with laws.

VI

Defendant Fidelity deserves higher punitive and malice

Basis upon all above, it can be seen that dft Fidelity is a very stiff hardened uncorrectable cheater in the security field, it never reglects for its felonies done on its victimized customer(s) but keeps fihting the truths with misrepresentations distorted laws fraudulent omissions etc...that the court should deter by imposing higher punitive and mental damages on the defendant to 250,000.00

4

each on items (2) and (3) OF the proposed judgment as deemed just by the court, a new proposed judgment is hereby enclosed.

About defendant's footnote 1 misrepresentation

Plaintiff served at least the dft through U.S. mail for three times via his server with summons, original complaint and a complete of motion brief similar to that of court file dated Jul 20,05, Jul 12, 05 and Jul 10, 2005 as stated in the return of summons on Jul 27, 05 (see Exh. 1,2 and 3 enclosed), all of them were personally checked by ptf for completion before delivering to the server to mail them and ptf never served dft with a sinle page of the complaint via the server and plaintiff declares under penalty of perjury that it is true and correct that the first and the third one was addressed to defendant's agent for service of process the C T Corporation 818 W. 7th St LOS Angeles CA 90017 with names of Fidelity Investments Institutional Services Co. Inc and Fidelity Brokerage SERVICES Inc. respectively but C T Corp. returned the 3rd one to ptf improperly saying that FBS no longer ran its business in CA. However, it was closed down in Boston MA that it can still be sued in the D.C. area not in CA with service credit, the 2nd one was served to Fidelity Brokerage Services Inc to 82, Devonshire St Boston MA 02109 directly not through its agent C T Corp that it was lawful because it is being sued in the D.C. area. And the one returned by C T Corp was in compete condition as examined by ptf and therefore the 1st and the 2nd ones must be alright to reach dft with no postal trouble as well by a reasonable inference! And the misrepresentation can be immediately verified because Ms. Conway's statement clashes the fact that if a single page of the complaint was in fact recieved by the dft then its atty cannot reach ptf's complaint p.6(arguing that ptf is entiled to relitigate this case) in the midle of dft's motion to dismiss p.6 further Ms. Conway cannot reach paragragh 19 of ptf complaint discussing in dft's opposition p.4 near the top that misrepresentation has been made otherwise, Ms. Conway could not know everything in complaint, the court should disregard about service which are more than sufficient on the part of ptf, dft however fails to declare under penalty of perjury to prove making it far from sufficient.

5

Ans to Dft footnote 2,3 and 4 (motion to dismiss p.2)ptf earnestly asks the court to exclude dft's irrelevant materials outside the case but not pft's regular summary motion: Pft had no control to attys' injustice to create great grievances on minorities litigants.in Lujan case, Ms. CONWAY had wilfully concealed that the discrimination caused the then Interior Secretary William Clark to resign and the then U.S. attys (2) resigned as well for thier improper defence. As soon the new secretary Donald Hodel was in he removed a bunch of high officials such as the personel director Howard Cheapman, chief of maintence M. Stricklin,his assistants,and the communication coordinator Ray Murry so on and so for...that nothing was wrong on ptf's part as the Interior Secretary Hodel and the U.S. president were justisfied in thier position regardless of attys' misinfluences for injustice. By no reason Ms Conway cites such irrelevances to defame ptf. It is (was) ALSO S Ct law that ptf could sue arbitrator for not functioning within her scope of duty as ruled in Mirrles v. Waco 112 S Ct 286: Not immune for action taken in complete absence jurisdisdiction though official (arbitral) like! Morgan Lewis will be liable for citing misrepresentations twisting law fraudulently in this case and it can be believed that there is similar law that attys are not immune for misconduct(S) as in Wash. D.C. Ptf strongly opposes dft proposing the use of void useless past records as reference to decide the current case Chia v. Fidelity citing Jane Does I THOUGH III V.District of Columbia and MRDDA, 238 F. Supp. 2d 212 216 (D.D.C.2002) where it did not consist of void nature,violating limitation action, RICO activities,disobeying S.Ct law and other worses... but 1:05CV1114 JR does pending court's correction, Ms. Conway is attempting to destroy this court's reputation with her mob oppinions and extremely high injustice whatsoever showing her bigatry aganst ptf for discrimination. choosing to threat with sanction by misrepresenting such a case a frivous matter that ptf will not withdraw as supported by S Ct law that the 9th Cir. could not alter NASD's jurisdictionless status leaving its dismissal a void one for ever, Calif. limitation action estops dft for its inconsistent motion with a false bar by statute and many others as well as FRCP §60 (b) (4)(1-3) and (6) aforesaid together with the related authoririties set forth in his summary motion which Ms. Conway chose avoiding to answer as she knew that dft Fidelity will be completely defeated to run more other risks with more illegalities. Dft again misrepresent that he asks to bar himself (p. 7 of dft mot).that dft contains nothing but frauds, Ms. Amy conway

shows no D.C. bar number in p,8 of the motion whether Fidelity is represented Mr. Patrick D.Conner with no admission to this court?

## CONCLUSION

Dft Fidelity motion should be denied as well as equitable estoppel bars it to file anything.

Date 8/30 2005

Respectfully submitted

Samuel G. Chia

pro se

7

United States District Court
For The District Of Columbia

Samuel G. Chia
    Plaintiff
v.
Fidelity Brokerage Services, Inc.
    Defendants

Case No. 1:05CV01114JR

Affidavit of Service

I Ngan Y. Chan hereby declare that on the 12th of July 2005, I served a copy of summons, complaint and a complete set of plaintiff motion to vacate and reverse NASD void dismissal on case #98 02028 and its affirmances to defendant's head office 82 Devonshire St Mailzone F7D Boston, MA 02109.

Jul 12, 2005

Ngan Y. Chan
32213 Chechester Dr
Union City CA 94587

Exh 1

United States District Court

For The District Of Columbia

Samuel G. Chia
       Plaintiff
   V
Fidelity Investments Institutional
Services Company, Inc aka Fidelity
Brokerage Services of Massachusetts

Case No. 1:05CV01114JR

Affidavit of Service

I Ngan Y. Chan hereby declare that on the 20th of Jul 2005, I mailed a copy of summons, complaint and a complete set of plaintiff motion to vacate and reverse NASD void dismissal on case #98 02028 and its affirmances to the above named defendants via thier agent for service of process the C T Corporation System 818 W. 7th at 2nd Floor Los Angeles, CA 90017 certified ~~1st class~~ 1st Class mail.

Jul. 19, 2005

Ngan Y. Chan
32213 Chechester Dr.
Union City CA 94587

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. Print your name and address on the reverse so that we can return the card to you. Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  D. Bird  ☐ Agent  ☐ Addressee | |
| | B. Received by (Printed Name)<br>D. Booker | C. Date of Delivery<br>7-12-5 |
| Article Addressed to:<br>Fidelity Brokerage Services Inc.<br>c/o C T Corporation system<br>818 W. 7th Street<br>Los Angeles CA 90017 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes | |
| 2. Article Number<br>Transfer from service label | 7004 2510 0006 8237 1338 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

Exh 3

Ex 3

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____for the_____   District of ~~Columbia~~_____

Samuel G. Chia   Plaintiff

**SUMMONS IN A CIVIL CASE**

V.

Fidelity Investments Institutional Services Company, Inc. aka Fidelity Brokerage Services, Inc. of Mass.

CASE NUMBER: 1:05CV01114JR

TO: (Name and address of Defendant)

Fidelity's agent for service of process
C T Corporation System
818 W. 7th St Los Angeles CA 90017

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ~~ATTORNEY~~ Pro Se (name and address)

Samuel G. Chia
2450 Lake St #2
San Francisco
CA 94121
(415) 379 9137

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**NANCY M. MAYER-WHITTINGTON**                    AUG 3 2005

CLERK                                             DATE

_/s/ Laura M Chipley_
(By) DEPUTY CLERK

United States District Court
For The District Of Columbia

Case No.1:05CV01114JR

Samuel G. Chia

       Plaintiff

  v.

Fidelity Investments Institutional
Services Company,Inc.aka Fidelity
Brokerage Services,Inc of Mass.

               Affidvavit of Service

I  Ray Dunn            hereby declare that on the 31st day of Aug. 2005, I mailed a copy of ptf's document notifying the change of defendants' names and ~~a copy of last return of summons~~, opposition to dft's motion to dismiss, reply to dft's opposition to vacate and reverse the void judgment rendered by the Cal f.ed. courts affirming unauthorized dismissal pursuant to 28 U.S.C.§60(b)(4)(6) §1963 and U.S.C.A. Const Amend 5 due process clause.and ptf opposition to dft request for sanction.

                                                      Ray Dunn
                                                      1901 Vallejo St
                                                      San Francisco CA 94123