Samuel G. Chia
2450 Lake St #2
San Francisco CA 94121
415 379 9137

United States District Court
For The District Of Columbia

Samuel G. Chia
    Plaintiff
  v.
Fidelity Investments Institutional
Services Co, Inc. aka Fidelity
Brokerage Services, Inc.

Case No. 1:05CV01114JR

Plaintiff's opposition
to dft's false and fraud-
ulent motion for sanc-
tion.

1
Equitable estoppel should be applied to defendant
all its filings must be disregarded by the court

Because dft did inconsistently move in NASD Board with false bar by beaching its compulsary arbitration agreement in shortening the six year contractually agreed time limit pursuant to NASD code 10304 to three year Mass statute by misrepresentations for fraud violating the Calif. limitation action deserving its equitable estoppel in this complaint not eligible to defend as defeated.

2
All dft's motions are defective in this complaint in-
cluding its motion to dismiss and motion for sanction

It is found that all dft's motions in this action were not accompanied with a notice as required by the Rule hereby causing them defective not functioning (see Harper v. Keaty 260 F.3d 389 (5th Cir. 2001).

3
Dft failing to claim its res judicata for failing to
provide any S Ct order in support but some useless
void documents at lower court level when ptf has pro-
ven with S Ct order prohibiting NASD to dismiss time-
ly case voiding its dismissal and affirmance(s) becom-
ing plainly nothing in the past pursuant to R. §60 (b)
(4) overcoming res judicata as admitted by dft's attys

It was and is the U.S.S Ct to remove all arbitrators' jurisdiction including the NASD's prohibiting them to dismiss any case in A T & T Tech. v. Communications Workers of America 457 U.S. 643, 89 L Ed 2d 648, 106 S. Ct 1415 ruling grievanced contract arbitration must be arbitrated in court not arbitrators: The 7th Cir. complied in Jones v. Sorrells, 957 F 2d 154 " the S Ct has made clear that defining the limit of arbitral juisdiction is generally the function of court not arbitrator" The 6th Cir. ruled on Dean Witter Reynolds Inc. v. McCoy "whether claims were time barred under NASD code arbitration procedure was threshold issue of arbitrability to be decided by district court rather than by NASD Bd of arbitration 995 F.2d 649 (6th Cir.1993). The 6th Cir. ruled again in The Ohio Co v. Nemecek 98 F2d 234 that the 6 year contractual time limit of NYSE code 603 similar to NASD code 10304 cannot be tolled. The 3rd Cir not NASD decided the arbitrability of PaineWebber v. Hofmann 984 F2d 1372. The 7th Cir. told NASD arbitrators that they could not determine thier own jurisdiction 957 3d 510. It is therefore very clear that NASD was in complete absence jurisdiction to dismiss ptf's timely case which was filed within six year time limit and the NASD dismissal was void of deception against ptf and the Calif courts including the 9th Cir. should have vacated it instead of affiring because it was and is the S Ct order that the Calif Courts were incompetent to overturn the S Ct order that thier affirmanec were also void based on the void dismissal of deception by the NASD, even a hundred times, its void nature cannot be altered for lacking jurisdiction to overturn the S Ct order that the S Ct order is S Ct order. And therefore it is a fraud of Fidelity and its attys (meaning Amy J. Conway, Patrick D. Conner and Mark A. Srere) TO FALSELY twist a void dismissal of deception/affirmance to be a res judicata case by concealing the S. Ct order they were made known for a couple of times by ptf. Whereas, to relitigate a void case with invalid decision is the victim ptf's right empowered by FRCP §60 (b)(4) not involved in res judicata for which said attys knew and admitted in the mid page of 7 in thier opposition to ptf's motion in reading Bros Incorp v. W.E. Grace Manuf. Co., 351 F2d 208 (5th Cir. 1965) where the 5th Cir. overturned the 6th & 8th Cir. res judicata deci-

2

sion by citing FRCP §60 (b) and they have been made known that ptf's is also citing R.§60 (b)(4) in his motion overcoming res judicata. It is useless to use poisions on ptf citing Lujan and Motorola cases with 15 years apart against the fereral evidence rules that it is very clear ptf case is not involved in res judicata in the current case as proven. In addition there were huge grievances in those cases similarly to that of the current case. Further it is also useless to cite uncomparable cases as sample where the presiding judge's jurisdiction was not removed by the S. Ct to compare with the current case and makes the current case res judicata.

### Conclusion

Based upon all above, dft's motion for sanction is false and fraudulent subject to dismissal/disregard in accordance with law.

SEp    2005

Respectfully submitted

Samuel G. Chia pro se

Ptf opened his then Ultra Service account with Fidelity Investments in downtown San Francisco 455 Market Street, then he recieved executions all from Fidelity Brokerage Services Inc. in Boston MA though there were Salt Lake and Dollas Fidelity trading office. When ptf filed his complaint against Fidelity Investments in 1998, Fidelity Brokerage Services Inc responded the complaint instead, anyway both should be responsible for ptf damages in this complaint.

Ptf complains of dft delayed services by its attys that ptf needs 10 days to recieve its documents from the post mark date. However, ptf only needs 4 days to recieve the court mails each time also from postmark date and it was definitely possible that dft attys first stamped it and posted it 4-5 days later to shorten ptf's answering time.

U.S. District Court

for the District of Columbia

Samuel G. Chia
       Plaintiff

v.                              Case No.1:05CV01114 JR

Fidelity Investments Institutional
Services Co. Inc. aka Fidelity
Brokerage Services Inc. Of Mass.

       Defendant


### Affidavit of Service

I   May Thode      hereby declare that on the 21st day of Sep 2005 I mailed a copy of plaintiff's opposition to dft's motion for sanction against ptf addressing to Mark A. Srere, Morgan Lewis 1111 PENNSYLVANIA Ave NW Washington D.C. 2004.


*(signature: May Thode)*

2361 Lake St
San Francisco CA 94121