IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMUEL G. CHIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:05CV01114 - JR |
| | ) | |
| FIDELITY INVESTMENTS | ) | |
| INSTITUTIONAL SERVICES CO, INC. | ) | |
| a/k/a FIDELITY BROKERAGE | ) | |
| SERVICES, INC.[1] | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## REPLY IN SUPPORT OF FIDELITY'S MOTION FOR SANCTIONS

### INTRODUCTION

In his opposition to Fidelity's Motion for Sanctions, Plaintiff Samuel G. Chia ("Chia")

plainly demonstrates why sanctions are necessary and should be imposed against him.  Chia does

not seriously contest the abusive behavior raised in Fidelity's motion, but instead continues in his

attempt to re-litigate his claims that were finally decided and dismissed by federal courts in

California.  Chia continues to insist that the Supreme Court's decision in *AT&T Technologies,*

*Inc. v. Communications Workers of America*, 475 U.S. 643 (1986) and related cases from the

United States' Courts of Appeal acted to "remove all arbitrators' jurisdiction including the

NASD's prohibiting them to dismiss any case." (Pl.'s Opp'n to Def.'s Mot. for Sanctions ("Pl.'s

Opp'n") at 2).  Chia's spurious argument has no merit because *AT&T* and the other cases that

Chia cites stand merely for the position that the threshold issue of arbitrability is to be decided by

---

[1]    Fidelity Investments Institutional Services Co., Inc. and Fidelity Brokerage Services,
L.L.C. are separate and distinct companies.  The contractual relationship at issue in this case
existed between Mr. Chia and Fidelity Brokerage Services, L.L.C. ("Fidelity").

the court, not the arbitrator. However, Chia has never claimed that the statute of limitations issue that barred his claims was not an arbitrable one under his agreement with Fidelity. Rather, he simply disagreed with the arbitrator's decision and has since argued that no arbitrator has "jurisdiction" to dismiss any case.

The California district court rejected this argument and dismissed Chia's claims based on the running of the statute of limitations. The Ninth Circuit affirmed this result, and in rejecting the very arguments that Chia again makes in this Court, stated that Chia's claims "lack merit." Despite this admonition, Chia now attempts to re-litigate his case against Fidelity in this Court with full knowledge that his claims are frivolous and with knowledge that attempting to re-litigate issues already decided by federal courts is sanctionable conduct. Under these circumstances, sanctions are warranted to punish Chia's abusive tactics and to protect Fidelity and the Court from further harassing conduct.

## **ARGUMENT**

## I. **CHIA SHOULD BE SANCTIONED BECAUSE HE FILED HIS CLAIMS AGAINST FIDELITY KNOWING THAT HIS ARGUMENTS LACKED MERIT AND WERE NOT SUPPORTED BY THE CASES CITED.**

Chia cites *AT&T* and several decisions of the United States' Courts of Appeal to argue that the NASD arbitrator had no jurisdiction to dismiss his claim. Of course, *AT&T* provides no support for this argument. The *AT&T* decision simply stood for the principle that the threshold determination of arbitrability is an issue for the court to decide. 475 U.S. at 651. In addition, the *AT&T* Court stated that "in the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* at 650. Chia can point to no evidence that the parties intended to exclude from arbitration the issue of whether his claims were barred by the applicable statute of

limitation. As such, the NASD arbitrator was fully authorized to make the determination as to the running of the applicable statute of limitations and was correctly affirmed by the California district court. *See id.* Moreover, regardless of whether the arbitrator properly considered the statute of limitations issue, the California district court and the Ninth Circuit considered the same arguments and authority that Chia raises here and determined that Chia's claims were properly dismissed.[2] *See* Def.'s Opp'n at 6.

Further, Chia mistakenly believes that Rule 60(b)(4) of the Federal Rules of Civil Procedure provides him with the ability to endlessly challenge the final, binding decisions of the California courts, but, as explained in Fidelity's opposition to Chia's motion to vacate, "[a] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2862 (2d ed. 1995). Although Chia argues that the *arbitrator* lacked jurisdiction to dismiss his claims, he has never suggested that the *district court* lacked personal or subject matter jurisdiction in dismissing his claims. Similarly, Chia has provided no evidence that he was not afforded due process of law. As the Ninth Circuit stated, Chia's assertions "lack merit" and were properly dismissed.

---

[2]    Chia also makes a wholly unsupported statement that Fidelity's filings should be disregarded because of "equitable estoppel." This argument also was rejected by the California courts in Chia's prior litigation. *See* Def.'s Opp'n to Pl.'s Mot. to Vacate ("Def.'s Opp'n") at 7. Similarly, Chia makes an incomprehensible assertion that Fidelity's motions are defective because they "were not accompanied with a notice as required by the Rule," citing *Harper McLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001). The *Harper* decision discussed notice only in deciding whether to enforce a default judgment under Texas law when the defendant had not received "notice" of the suit through proper service of the complaint. *Id.* at 399. The decision is inapplicable to this case.

Sanctions are necessary against Chia because he filed his frivolous complaint against Fidelity in this Court knowing that his arguments lacked merit and because he knew from his experience in prior litigation against other parties that re-filing lawsuits that previously had been dismissed constituted sanctionable conduct. *See McCreary v. Heath*, No. 04-00623 (PLF), 2005 U.S. Dist. LEXIS 7986, at *7 n.5 (D.D.C. April 22, 2005) (imposing filing restrictions against *pro se* plaintiff as Rule 11 sanction when plaintiff's third complaint was "not presented for a proper purpose, but instead [was] based upon unwarranted or frivolous argument and upon allegations and factual contentions without evidentiary support"); *Reynolds v. U.S. Capitol Police Board*, 357 F. Supp. 2d 19, 26 (D.D.C. 2004) (imposing monetary penalty as sanction); *see also Chia v. Lujan*, No. 91-15987, 1992 WL 137193, at *1 (9th Cir. June 17, 1992) (holding that Chia's second complaint against Secretary of Interior was barred by res judicata); *Chia v. Motorola Communications, Inc.*, No. 92-16248, 1993 WL 98826, at *1 (9th Cir. April 2, 1993) (affirming dismissal of Chia's second complaint against Motorola on res judicata grounds); *Chia v. Motorola Communications, Inc.*, No. 94-17100, 1995 WL 499442, at *1 (9th Cir. Aug. 22, 1995) (affirming dismissal of Chia's third complaint and imposition of sanctions, including pre-filing review). Incredibly, Chia in his opposition not only acknowledged his awareness of *res judicata* principles from his prior litigation, but also showed no remorse for his sanctionable conduct in those cases, stating that "there were huge grievances in those cases similarly [sic] to that of the current case." Pl.'s Opp'n at 3. Apparently, Chia feels that his personal sense of a grievance supersedes a final, binding order of a federal court. Fidelity should not be forced to suffer this type of harassing conduct, and the courts should not be burdened with such frivolous filings. Chia should be sanctioned as requested so that he understands that further abuse of the federal courts will not be tolerated.

## CONCLUSION

For all of the above reasons, Fidelity's Motion for Sanctions should be granted, and this Court should:

1. dismiss Chia's "First amended complaint for damages;"

2. instruct Chia to make no more filings of any kind against Fidelity in this Court without undergoing pre-filing review,

3. relieve Fidelity from responding to any additional motions or pleadings that Chia makes in this Court, and

4. impose monetary sanctions against Chia for the reasonable costs and expenses that Fidelity has incurred in defending this frivolous action.

Respectfully Submitted,

Amy J. Conway (D.C. Bar No. 443995)
Mark A. Srere (D.C. Bar No. 414487)
Patrick D. Conner (D.C. Bar No. 472298)
(seeking admission to this Court)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
202.739.5953
202.739.3001 (fax)
Attorneys for Defendant

FIDELITY INVESTMENTS
INSTITUTIONAL SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this ___30___th day of September, 2005, a true and correct copy of the

foregoing Fidelity's Motion for Sanctions was served by first class mail on:

Samuel G. Chia
2450 Lake Street #2
San Francisco, CA 94121

Plaintiff *pro se*


_____
Mark A. Srere