UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL G. CHIA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-1114 (JR) |
| FIDELITY INVESTMENT, | : |
| Defendant. | : |

**STATEMENT OF GROUNDS FOR AWARD OF SANCTIONS**

This matter is before the Court upon remand from the Court of Appeals with directions to state the grounds for the imposition of sanctions -- grounds that concededly were only hinted at in my order of October 11, 2005 [docket no. 18] describing this action as "frivolous and abusive."

The conduct giving rise to the imposition of sanctions in this case was plaintiff's filing of a complaint [docket no. 1] and an amended complaint [docket no. 4] presenting the same claim he had earlier presented in a California arbitration -- after he lost the arbitration, lost his challenge to the arbitration decision in the United States District Court for the Northern District of California, lost his appeal from the dismissal of the district court decision, and lost his petition for rehearing in the Ninth Circuit.  See Exhibits 1-4 to defendant's motion to dismiss [docket no. 6].  In the Ninth Circuit, indeed, plaintiff

was restricted from filing any further papers following the denial of his petition for rehearing, see id. Exhibit 4.

As defendant correctly states the matter in its motion for sanctions, plaintiff "filed an amended complaint containing meritless, duplicative allegations that already had been rejected and finally decided by courts of competent jurisdiction." The record of this case provides ample evidence that plaintiff presented his claim here for an "improper purpose, such as to harass or to cause . . . needless increase in the cost of litigation [for the defendant]." The claims plaintiff brought to this Court were *res judicata*, and plaintiff neither made nor had a non-frivolous argument for the reversal of the law of his case.

As defendant pointed out in its motion for sanctions, this plaintiff, although appearing *pro se*, had ample reason to understand that the filing of repeated complaints after dismissal of his claims could lead to sanctions. See Chia v. Motorola Communications, Inc., No. 94-17100, 1995 WL 499442 at *1 (9th Cir. August 22, 1995) (affirming dismissal of plaintiff's third complaint and the imposition of sanctions by the district court). The defendant, Fidelity Investments Institutional Services Co., Inc., may be perceived as a "deep pocket," but even deep pockets should not have to pay legal fees to defend themselves against frivolous and abusive litigation.

The Clerk is instructed to communicate this statement of grounds to the Court of Appeals.

                                        JAMES ROBERTSON
                                   United States District Judge