# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 05-7184                                    September Term, 2006

05cv01114



MANDATE
Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED: 2/6/07
BY: [signature], Deputy Clerk
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

Filed On:

Samuel G. Chia,
    Appellant

v.

Fidelity Investments, *a/k/a* Fidelity Brokerage Services,
    Appellee

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED
OCT 3 1 2006
CLERK

**BEFORE:**   Rogers, Griffith, and Kavanaugh, Circuit Judges

## O R D E R

    Upon consideration of the motion for summary affirmance and sanctions, the cross motion for summary reversal, the replies and supplements thereto; the motion for appointment of counsel; and appellant's motion for sanctions, the opposition thereto and the reply, it is

    **ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

    **FURTHER ORDERED** that the motion for summary reversal be denied and the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The doctrine of res judicata bars appellant from relitigating claims subject to the final judgment in Chia v. Fidelity Brokerage Servs., No. 99-17138, 2001 WL 173940 (9th Cir. Feb. 21, 2001), cert. denied, 534 U.S. 913 (2001). See Allen v. McCurry, 449 U.S. 90, 94 (1980); Page v. United States, 729 F.2d 818, 820 (D.C.Cir. 1984). Moreover, particularly given the notice to Chia that this court lacked power to overturn the Ninth Circuit's opinion, the district court acted within its discretion in imposing sanctions on Chia. See McLaughlin v. Bradlee, 803 F.2d 1197, 1205 (D.C. Cir. 1986) (holding that Fed. R. Civ. P. 11 sanctions are warranted "when preclusion doctrine clearly forecloses consideration of the merits"). It is

    **FURTHER ORDERED** that the motions for sanctions be denied.

A True Copy:

United States Court of Appeals
for the District of Columbia Circuit

By: [signature] Deputy Clerk

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 05-7184**                                   **September Term, 2006**

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

JWR
TBG /mky
BK